BLANCHARD *vs.* ISAACS.

In order to charge a common carrier, as such, there must be a delivery of the articles for transportation, to the carrier, or his servants or agents. His responsibility does not commence until there has been a complete delivery.

If the delivery is made to a servant of the carrier, it must be to one who is intrusted to receive the goods, and not to a person engaged in other duties.

Where a coat was delivered to the driver of a stage coach, by a person not a passenger, to be delivered to another, in a different place, but nothing was paid for the transportation of the coat, and the driver refused to put it upon the way-bill—saying he had no right to do so; and there was no proof that the coat ever came to the possession of the proprietor of the stage, or any of his agents; *Held*, that there was no delivery of the coat to such proprietor, and that he was not responsible as a common carrier, for the loss thereof.

ISAACS sued Blanchard before a justice, and declared in trover for a coat, and also counted against him as a common carrier. Plea, the general issue. It was proved that Blanchard was the proprietor of a stage coach running upon the river road from Whitehall to Troy, for the carrying of passengers and their baggage, and the United States mail. There was no proof that he was in the habit of carrying goods, or packages, for hire or reward, for such as chose to employ him. It was proved by one Kelly, that on the 20th of September, 1846, he resided at Fort Miller and made a coat for the plaintiff below, worth 18 dollars, and by his directions delivered it to the driver of the stage of the defendant below, wrapped up in a paper, directed to Benjamin Isaacs, American Hotel, East Troy. He insisted that it should be put on the way bill; the driver said he had no right to put it on, but he would get the next agent to do it, at Schuylerville. Another witness proved the like facts. There was no evidence to show what became of the coat. Nothing was paid or offered to be paid to the driver, and there was no evidence that it ever came to the possession of the defendant below or any of his agents. The justice gave judgment for the plaintiff below for $18,00 damages, and the costs; to reverse

Blanchard *v.* Isaacs.

which a certiorari was brought to the Saratoga county court, and the cause came into this court, by virtue of the thirty-first section of the judiciary act of December 14, 1847. (*Laws of 1847, 2d vol.* 643.)

*A. Bockes*, for the plaintiff in error.

*E. F. Bullard*, for the defendant in error.

*By the Court*, WILLARD, J.   A common carrier has been defined to be one who, as a regular business, undertakes for hire or reward to transport the goods of such as choose to employ him, from place to place. (*Story on Bailm.* § 495.)   In this general sense of the term, Blanchard was not shown to be a common carrier.   There was no evidence that he held himself out as a carrier of goods for hire, or that he ever carried any goods in his stages, other than the ordinary baggage of passengers.   It is well settled, in this state, that the proprietor of a stage, which regularly carries for hire passengers and their baggage, is responsible as a common carrier for the baggage, if lost, although no distinct price be paid for its transportation.   The compensation for its conveyance, in contemplation of law, is included in the fare of the passenger.   And by baggage, we are to understand such articles of necessity, or personal convenience, as are usually carried by passengers for their personal use, and not merchandize or other valuables, although carried in the trunks of passengers, which are not designed for any such use, but for other purposes, such as a sale and the like. (*Orange County Bank* v. *Brown*, 9 *Wend.* 85.   *Pardee* v. *Drew*, 25 *Id.* 459.   *Hawkins* v. *Hoffman*, 6 *Hill*, 586.)

It is well settled, also, that in order to charge a common carrier as such, there must be a delivery of the articles, for transportation, to the carrier or his servants or his agents. (*Tower* v. *The Utica and Schenectady R. R. Co.* 7 *Hill*, 47.) If delivered to a servant, it must be to such servant as is entrusted to receive the goods, and not to one engaged in other

Blanchard *v.* Isaacs.

duties. In the case of *Middleton* v. *Fowler* (1 *Salk.* 282,) it was ruled by Holt, Ch. J. that the master of a stage coach was not chargeable for goods lost by the driver, unless the master takes a price for the carriage of the goods. And he expressed the opinion that a stagecoachman was not within the custom as a carrier, unless he takes a distinct price for the carriage of the goods. This latter intimation has been qualified by us, by considering that with respect to the mere personal baggage of the passenger, the price of transportation is included in the passenger's fare. (*See* 9 *Wend.* 85; 25 *Id.* 459; 6 *Hill*, 586; *supra.*) The responsibility of a common carrier does not commence until there has been a complete delivery to him. (2 *Kent's Com.* 604. *Packard* v. *Getman*, 6 *Cowen*, 757.) And the delivery must be to the proper person. (3 *Taunt.* 144.)

In the present case there was no complete delivery of the coat to Blanchard, the proprietor. The driver apprized Kelly that he had no right to enter it on the way-bill, but said he would take it to the next agent at Schuylerville and have it done. The driver was made the servant of Kelly, to take the coat to the stage agent in Schuylerville. It is not shown to have been delivered to the latter; and of course it is not shown to have come to the knowledge of the defendant below. Nothing was paid for its transportation, and it would, under the circumstances, be unjust to make the stage proprietor responsible for its loss.

There was an entire failure of proof to make the defendant liable under either count of the declaration; and the judgment of the justice therefore must be reversed.

Judgment reversed.