[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 20 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 21 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 22 
Two questions were made by the defendant on the motion for nonsuit, and were renewed and discussed to the court at the close of the evidence as legal propositions, and no suggestion was made that there was any question of fact to be submitted to the jury. The defendant's counsel assumed, and very properly, upon the case, as it appears by the bill of exceptions, that the only questions were of law, and to be passed upon by the court and not by the jury. He urged such objections and assumed such positions as he supposed the interest of his client required and the state of the case warranted; and only so much of the *Page 23 
evidence is spread out upon the record as was necessary to present the points made by him and which were ruled against him. The whole evidence would doubtless present a very different case. The direction to the jury, to render a verdict for the plaintiffs, was but one form of overruling the objections taken by the defendant to a recovery against him, and cannot be held as in effect a decision adverse to the defendant upon the point now sought to be made, that the case should have been submitted to the jury. If the defendant supposed that there was a disputed question of fact, material to the issue between the parties, he should have made a distinct request that it should be submitted to the jury. But having treated the questions as purely legal, and acquiesced in the disposal of them by the court as such, he cannot now be heard to object that facts were involved which should have been decided by the jury.
The objections urged by the defendant upon the trial were: 1. That the action should have been brought either in the corporate name of the society, or in the names of the persons who were trustees at the date of the subscription, or in the names of the building committee: and 2. That the undertaking of the defendant, as evidenced by the subscription, was void for want of a consideration, that being void when made, it could not become a valid contract by means of the subsequent acts of the building committee in erecting the church, or in making contracts for that purpose.
The last only of these propositions was argued upon this appeal, and is therefore the only one which will be considered.
An attempt to reconcile all the cases which have been adjudged, touching the validity of voluntary engagements to pay money for charitable, educational, religious or other public purposes, would be fruitless; for, while circumstantial differences in the cases will explain and satisfactorily account for some of the diversities in the decisions, it will be found that there is, to some extent, a want of harmony in the principles and rules applied as tests of validity to that *Page 24 
class of undertakings. The general principle is recognized in every case, that all simple contracts executory, whether in writing or verbal, must be founded upon a good consideration, and that the want of a legally adequate consideration, that is, a consideration recognized as sufficent in law, will vitiate every executory contract not under seal; still, the objection of a want of consideration for promises like the one before us has not always been regarded with favor; and judges, considering defences of that character as breaches of faith towards the public, and especially towards those engaged in the same enterprise, and an unwarrantable disappointment of the reasonable expectations of those interested, have been willing, nay apparently anxious, to discover a consideration which would uphold the undertaking as a valid contract; and it is not unlikely that some of the cases, in which subscriptions have been enforced at law, have been border cases, distinguished by slight circumstances from agreements held void for a want of consideration. I am of the opinion, however, that the liability of the defendant can be maintained, and the judgment of the court below upheld, upon doctrines recognized as sound and well established, and without conflicting with the principle of any decided case, and upon the ground upon which the decision was finally rested by the learned justice before whom the trial was had, to wit, that the agreement and evidence establish a request on the part of the defendant to the trustees of the corporation, or their agents, to erect the new church edifice and to enter into the necessary contracts for that purpose; in consideration of which the defendant's promise to pay one hundred and fifty dollars was made.
The objection is now taken, and for the first time, so far as it appears, that the complaint is not framed to meet the case in this aspect; but the objection was not taken upon the trial or in the supreme court, and the evidence suppletory to the written promise was received, and effect given to it below, without objection that it was not authorized by the *Page 25 
complaint; and it is now too late to start an objection which might, if necessary, have been obviated at the trial by the exercise of the discretion vested in the judge, in regard to amendments of pleadings. If it were conceded therefore that the objection, if taken at the proper time, would have been tenable, which is by no means certain, it must be held to have been waived by the omission to make it.
A consideration for an undertaking may consist in a benefit or advantage to the promisor, or any obligation, harm, inconvenience or disadvantage incurred by the promisee upon the faith of the promise; and, in the absence of fraud or other undue influence, the validity of the promise does not ordinarily depend upon the amount or value of the consideration as an equivalent for the thing promised. No pecuniary benefit resulted to the defendant from the building the new house of worship, and he was in no wise interested in the enterprise, except as the entire public were interested in a matter intimately affecting the highest interests of all, and there is therefore no consideration of benefit to the defendant which will uphold the promise. The evidence, however, discloses a good consideration, in the acts done and obligations incurred by the promisee upon the strength of the promise of the defendant and at his request. The promisee was the corporate body, the First Presbyterian Church at Glens Falls, represented by the individual trustees in this action The real party in interest, both in the promise and in the action, is the corporation; and whatever was undertaken or done by the trustees, or by the building committee, was done and undertaken by the corporation. The acts of the agents were the acts of the corporation; and if any act was done or obligation incurred by either of their agents, as such, at the request of the defendant and relying upon his promise, it will furnish a good consideration for his agreement to pay. The evidence is, that the defendant, with others, subscribed a paper by which he promised to pay a given amount towards the sum of five thousand dollars, to be *Page 26 
expended in building a new Presbyterian church in the place of the old one to be removed; and that he afterwards attended and took part in several meetings of the society, as well as of the individual subscribers to the building fund, at which a building committee was appointed, and resolutions were adopted imposing certain duties and obligations upon the trustees and building committee, involving labor and expense and the necessity of incurring obligations in behalf of the corporation, in furtherance of the design of removing the old building and erecting the new, and distinctly requesting and directing the agents of the corporation to proceed and erect the new building after a proposed plan. There is no evidence that the defendant revoked his promise or did any act evincing his unwillingness to proceed with the undertaking, until long after, and until after contracts had been made, expenses incurred and labor performed in pursuance of the request and directions of the defendant and other subscribers to the fund. It is as if the defendant, either alone or with others, had come to the agents of the corporation and requested them to perform the acts mentioned, and delivered to them his written promise to pay a given amount as a compensation or to enable them to do as requested. A compliance with the request by them, representing the corporation, would in that case very clearly constitute an ample consideration for the promise of the defendant. Parker, C.J., in Amherst Academy v.Cowles (6 Pick., 427), says; "It is quite sufficient to create a consideration that the other party, the payee, should have assumed an obligation, in consequence of using the note, which he was compellable either at law or in equity to perform;" and again, "if, by means of his contribution or his solemn promise to pay, the body to whom he has pledged his word should encounter expense, become under legal obligations, or otherwise pursue the intent and purpose of the legislature in granting the charter, this is a sufficient consideration to support the promise." The evidence is, that, as *Page 27 
early as May, contracts were made for brick for the new building, and other contracts for work and materials were made before the old building was torn down. McAuley v. Billinger (20 J.R.,
89) was a subscription for the repairs of a church. The form of the promise is not given in the report of the case, but the court say; "The consideration for his promise was the repairing the church. By signing the subscription, he sanctioned the acts of the meeting in resolving to make the repairs and in the appointment of the committee for that purpose, and he moreover recognized the authority of the committee to receive the subscription money and to contract for the repairs." Gardiner, J., in Hamilton College v. Stewart (1 Comst., 581), alluding to this case and approving the decision, says; "According to the view of the court, it was, in effect, a written request to the committee to make repairs, in consideration of which the defendant undertook to pay;" that is, the written promise, in connection with the acts of the defendant, was the same in legal effect as a written request, or a request contained in the promise. The law makes no distinction between a written or verbal request as tending to constitute a consideration for a parol agreement. There is nothing in the case of McAuley v.Billinger showing that the subscription paper was different in form from other papers of the same kind; and the court lays stress upon the acts of the defendant as evidencing a request from him to the building committee to go on with the repairs.
In the Trustees of Bridgewater Academy v. Gilbert (2Pick., 579), the defendant had subscribed a certain sum for the rebuilding the academy, but had done no other act, and it was held that an action would not lie upon the agreement. Parker, C.J., says; "The subscription paper will not sustain the action; and the defendant, after he had signed it, gave the plaintiffs no encouragement to proceed in the building. The beginning to provide materials, on the faith of the subscription paper above, was not sufficient to show that expenses were incurred at his implied request;" intimating *Page 28 
very plainly that a request, on the part of the defendant to the plaintiff to make the expenditures, would have enured as a consideration to uphold the promise, and the judge distinguishes the case from the Farmington Academy v. Allen, and by distinguishing approves and affirms the decision in the latter case (14 Mass., 172), in which it was held that a partial payment of the subscription took it out of the rule, and was evidence of an implied request to the trustees to expend money in building the academy. It was treated as an act by which the plaintiffs were induced to incur expense. Limcrick Academy v.Davis (11 Mass., 113) was the same in circumstances asBridgewater Academy v. Gilbert, and was decided in favor of the defendant for the same reason, to wit, the want of evidence of any act on the part of the defendant from which a request could be implied from him to the plaintiffs to incur expense or do any other act.
No principle can be extracted from the decision of Stewart v.Trustees of Hamilton College, in the court for the correction of errors, as reported (2 Den., 403), for the reason that the several members of that court, who assigned reasons for their judgment, did not agree upon the principles upon which the case should be decided, although with a single exception they concurred in the result, and there is nothing in the decision of the case in this court (1 Comst., 581) which conflicts with the view I have taken of the defendant's liability in this action. On the contrary, the reasoning of the judge by whom the opinion of the court was pronounced tends to support the result at which I have arrived in this case. In that case, the agreement of the defendant was not to be performed within one year, and therefore was required to be in writing, expressing the consideration (2R.S., 135 § 2), and the whole inquiry therefore was whether a consideration for the agreement was expressed in the writing, or whether a consideration could be implied from its terms; and it was held, that no consideration appeared from the face of the paper, and therefore the plaintiffs were not entitled to recover. *Page 29 
But that difficulty does not exist here; and if a good consideration for the promise can be proved, either in or out of the writing, it is sufficient. The difficulty in that case was, that there was no request by the subscribers that the plaintiffs should do anything, and no request could be implied from the agreement. Judge Gardiner says; "If with C.J. Nelson we find that the defendant agreed to pay $800, provided the plaintiff would procure subscriptions and should afterwards invest the money,c., this, according to the cases, would amount to a request to perform those services, and the defendant would be liable." In the case at bar we have very distinct evidence of a request on the part of the defendant to the plaintiffs to perform the services which were performed, and which takes the case without the decision in the Hamilton College case. The request and promise would have been valid if both had been verbal, and the written promise may be sustained by evidence of a verbal request or by proof of any other consideration sufficient in law.
If the agreement was invalid, as it doubtless was up to the time the request was made, the defendant then, on the authority which he with others gave to the plaintiffs to circulate the paper for further subscriptions and to collect the amounts subscribed as should be necessary to prosecute the work, reaffirmed his former promise and gave it a sanction and vitality from that time. The promise was then made, although the paper, which is now the evidence of it, had been before then prepared. The request and promise were, to every legal intent, simultaneous.
The judgment of the court below must be affirmed with costs.