WILLIAMS *v*. HAYES *et al.*

In an action for an accounting the complaint alleged that the plaintiff was a partner with the defendants in the execution of two contracts for building railroad; that the firm had uncollected assets to the amount of $12,000, and owed $2,000. The answer denied the interest of the plaintiff in the second job, and upon this issue the answer was sustained by the finding at the trial. It was silent as to the alleged assets and indebtedness of the firm, and an account was taken and stated by a referee, between all the parties, without references to such assets or debts. After the evidence had been closed, one of the defendants offered evidence of the indebtedness of the firm, which was rejected. On appeal from the judgments against him and the plaintiff in favor of the other defendants: *Held*,

The admission of evidence after the testimony has been closed, is matter of discretion in the referee, not reviewable in this court. Relief can only be had in the court of original jurisdiction.

The allegation in the complaint of the firm's assets and indebtedness is to be construed as dependent upon the extent of the plaintiff's interest as therein stated. When it was established that he had no interest in the second job, no implication remained· that such debts or assets were admitted by the failure of the answer to deny their existence.

*It seems* that a party failing to call attention at the trial to an implied admission in his favor in the pleadings, should not afterwards be permitted to avail himself thereof.

APPEAL from the Supreme Court. The complaint averred that the plaintiff and defendants entered into a partnership for the purpose of undertaking contracts for the construction of

railroads: that the firm entered into a contract with the Buffalo and State Line Railroad Company, under it performed work to a large amount, but did not complete the work contracted for within the stipulated time, mainly in consequence of the inability of the corporation to obtain the right of way: that after the expiration of the contract time, the members of the firm, other than the plaintiff, entered into a contract with the corporation "in connection with and in extension and continuance of the first contract, whereby the time for completing the work was enlarged, the terms of compensation modified, and a new provision made as to the mode of payment:" that the plaintiff afterwards ratified and adopted the act of the other members of the firm in making the new contract: that the said contract as modified and extended had been executed by the firm, and that large sums of money had been received from the corporation, and disposed of in the business, but that there remained due from the corporation some $12,000: that the firm had outstanding debts to the amount of about $2,000: that the firm was indebted to the plaintiff for money expended in furnishing tools, &c., to the amount of $500, and that upon a full account, for which he prayed, the sum of $4,000 or over would be found due to him. The answer denied that the plaintiff was a partner or interested in the second contract stated in the complaint, and also denied that the plaintiff had expended money for tools, &c., for the firm to the amount of more than $50. The trial was before a referee, who found that the plaintiff was not a partner with the defendants except in respect to the first contract stated in his complaint, and that he had no interest in the second. The referee proceeded to take and state an account between all the parties upon these principles, which occupied several days. After the testimony had been closed and an adjournment intervened, the defendant Hayes offered evidence that there were debts existing against the partnership to the amount of $2,000. The evidence was objected to, on the ground that the accounting had been procrastinated for a great length of time, that Hayes had had ample time for full preparation, and had presented and

filed an account of all his claims against the firm.    The referee excluded the evidence, and the counsel for Hayes excepted.    Judgments were entered upon the report of the referee in favor of three of the defendants against the plaintiff, and against Hayes, for different amounts.    Upon appeal the judgment was reversed at general term in the eighth district, unless the respondents should stipulate to credit the plaintiff with $50, expended for tools, &c., and not allowed to him by the referee.    The defendants stipulated according, and the plaintiff and the defendant Hayes appealed to this court.

*James C. Cochrane,* for the appellants.

*Sherman S. Rogers,* for the respondents.

JOHNSON, Ch. J.    That an account between partners and a distribution among them are generally to proceed upon the basis of providing for the payment of all partnership debts and getting in all the assets is entirely settled.    And if it appears in this case that this rule has been departed from against the objection of either appellant, the judgment ought to be reversed.    The facts found by the referee do not disclose any such case.    The finding is silent as to the existence of partnership debts, or of uncollected assets, nor is there in the case any evidence showing or tending to show the existence of a state of facts calling for the application of the rule first mentioned.    The question arises, if it arise at all, upon the offers of proof which were rejected, or upon admissions in the pleadings.

As to the offers of proof, they were made after the case had been closed by consent of all parties.    The receiving of further proof was then not matter of strict legal right on the part of the party offering it.    Its admission rested primarily in the discretion of the referee, and if he did not think proper to allow the proof to be made, and the Supreme Court did not think a case made out requiring them to relieve the party, there is no remedy.    This court cannot review the exercise of the discretion of the original tribunal.

Williams *v.* Hayes.

In respect to the admissions alleged to result from the pleadings, it must be observed that the plaintiff sought an account of the dealings of the firm of John Hayes & Co., under two contracts with the railroad, in each of which he claimed to be interested as a partner, and averred that there were large outstanding debts of John Hayes & Co., amounting in all to about $2,000, and also that the railroad company remained indebted to them in at least the sum of $12,000. The answers deny his interest in the second contract, and that fact has been found by the referee against the plaintiff. Now the moneys due to John Hayes & Co., as well as the debts of that firm, mentioned in the complaint, may as well relate to the one contract as to the other; and althoughthe allegations of the complaint on that subject are not directly traversed by the answer yet when it was established that the allegation of the complaint as to the extent of the plaintiff's interest was unfounded, it was not the duty of the court to regard the unanswered allegation of the complaint as referring to that contract which had been proved. On the contrary, the true view of that allegation is to regard it as dependent upon the plaintiff's own averment of the extent of his interest, and that the overthrow of the plaintiff's position on that subject carried with it whatever of admission would have been implied from the unanswered allegation.

In regard to the sum of $50, admitted by the answers to be an item to be credited to the plaintiff, it has been allowed by the Supreme Court, and the judgment of the referee modified in that respect. If that court is right in supposing that it affirmatively appears that this sum was not allowed to the plaintiff on the accounting, I should not have regarded it as error for which the judgment should have been reversed. When a party wishes to avail himself of an implied admission of the pleadings, it should affirmatively appear that the attention of the court or other tribunal has been called to it. In point of fact, causes are tried and disposed of under the present system with little or no reference to the pleadings, unless some question is made upon them at the trial. And when no

such question is there made, none ought to be allowed to be afterwards raised. Any other rule would throw the duty of vigilance upon the wrong party. Each would have diligently to see to it that the court gave to the other the benefit of all admissions, on peril of losing his judgment if he did not succeed in securing to his adversary whatever he could claim from an implied admission in the pleadings.

The judgments should be affirmed.

COMSTOCK and SELDEN, Js., expressed no opinion; all the other judges concurring,

Judgment affirmed.