Nov. Term,
1860.

The Cincinnati and Louisville Mail Line Company *v.* Boal and Others.

The Cincin-
nati and
Louisville
Mail Line
Company
*v.*
Boal.

Suit by *A.* against the owners of a steamboat to recover the value of a package of money, intrusted by him to the clerk of the boat to be transported to another port.

*Held*, that an answer averring want of authority in the clerk to receive and carry such package, without compensation to the owners of the boat, and without their knowledge, is not bad as amounting to the general issue, there being no averment in the complaint that the defendants were engaged in the business of carrying packages of money for hire.

*Held*, also, that the liability of the carrier in such cases, is to be determined by an inquiry into the nature and extent of the employment and business in which he holds himself out to the public as engaged.

Held, also, that proof of the usage of the clerks of such boats to receive and carry such packages from one port to another without hire, in the expectation that such boat would be preferred by the parties in their shipments of freight, is insufficient to bind the owners. First, because no certain or fixed standard of remuneration is shown, nor that the consignee of the package would be liable to make any return for the risk and labor incurred; and, second, because it is not shown that such usage had grown up with the consent of the owners of vessels, or that it was more than a mere accommodation usage.

APPEAL from the *Vanderburgh* Common Pleas.

Thursday,
*December* 13.

Hanna, J.—Suit by appellees for failure to deliver a package of money, bank bills, inclosed in a letter envelope, addressed to *Burnet* and *Vaile, Evansville, Ind.*, and delivered to the defendant on board the steamboat *Kentucky*, at the port of *Columbus, Ky.*, which it is averred was to be carried, and safely delivered for reasonable hire and reward, &c. And, secondly, it is averred that the defendants, in consideration that plaintiffs would deliver at, &c., to the officers of their said boat in their employ, a certain other, &c., undertook that they would carry and safely deliver the same for the consideration aforesaid; that the said, &c., was so delivered, and through the carelessness, &c. of defendant was lost.

A demurrer to each paragraph of the complaint was overruled, and exception taken.

An answer containing five paragraphs was filed. To the second, fourth and fifth paragraphs of the answer, a demurrer

Nov. Term,
1860.

THE CINCIN-
NATI AND
LOUISVILLE
MAIL LINE
COMPANY
v.
BOAL.

was filed, which was overruled as to the second and fourth and sustained as to the fifth. Replies were filed. Trial, and judgment for plaintiff for $500.

The view we take of the case makes it unnecessary for us to notice the rulings any further than on the fifth paragraph of the answer.

That paragraph raised the question of the liability, or non-liability, of the company for the acts of their employee, the clerk on the boat, in receiving and carrying the package without compensation to the company therefor, and without the knowledge of the owners of the boat.

We are of opinion the demurrer should have been overruled. There was no averment in the complaint that the defendants were engaged in the business, or held themselves out to the public as being engaged, in carrying, for reward, packages of money. The averment is that they were navigating the *Ohio* and *Mississippi*, from, &c., to &c., and received and promised to carry and deliver said package. Perhaps the general denial put in issue the facts averred; but as it might be doubtful whether, under the general issue, the liability of defendants, consequent upon proof of a delivery to the officers of the boat in the employ of defendants, of such package, could be successfully resisted by evidence of the want of authority of such officer to receive, &c., therefore, the fifth paragraph was properly filed, averring affirmatively such want of authority from the owners. So that affirmative evidence to that point could be received without doubt of its applicability to the issue made.

The doctrine advanced by recent text writers, as sustained by modern decisions, is to a great extent embraced in this inquiry: "What are the true nature and extent of the employment and business in which the owners hold themselves out to the public as engaged?" *Citizens' Bank* v. *Nantucket Steamboat Co.*, 2 Story's Cir. C. R. 16; Ang. on Car. 107; *Allen* v. *Sewall*, 2 Wend. 327; Story on Bailments, § 530; 20 Missouri, 521; 3 Barb. 388. The facts in each particular case may be established by suitable proofs. See same authors.

But it is suggested that the usage of steamboats engaged in the passenger and freight business upon the western waters.

should control. And evidence was received to the point that it had for a long time been the custom for clerks of such boats to receive at one port and carry to another, packages of money without hire; expecting the particular boat to be preferred in the selection of a vessel to carry any cargo thus ordered, if the package was accompanied by an order.

Without critically examining whether this evidence was properly received, at all, we may be permitted to say that it fails, in our opinion, to sustain the verdict, in two particulars : first, no certain or fixed standard of remuneration is shown, nor that, by that custom, any thing could be recovered. Indeed, it fails to show that, even admitting the custom, any obligation would rest upon the person to whom the money is so transmitted, to pay any thing, or make any return for the labor and risk incurred. Second, it fails to establish that such custom had grown up with the knowledge and consent of the owners of vessels; that it was other than a mere accommodation usage, which had been indulged in as between those who sent and received such packages, and the officers of boats; who, it might be inferred, thereby became the agents of the person sending the money, in each case, and did not in that respect act for the owners of the boat.

In a word, there was no custom shown by which the owners of vessels were bound for the acts of persons in their employ as to money so delivered.

*Per Curiam.*—The judgment is reversed, with costs.

*J. G. Jones, J. E. Blythe* and *C. Denby*, for appellant.

*C. Baker* and *J. W. Foster*, for appellees.