## SUPREME COURT.

### JAMES V. H. WITBECK agt. SAMUEL SCHUYLER and BENJAMIN AKIN.

A delivery of a trunk of clothing to the *captain* of the defendants' boat, renders the defendants, as common carriers, liable for its loss, although the captain was not the *general agent* of the defendants for receiving freight, &c., for transportation. The captain was acting within the scope of the *apparent authority* of agent, which the principals allowed him to assume.

*Albany General Term, September,* 1865.

*Before* HOGEBOOM, MILLER *and* INGALLS, *Justices.*

THIS is an appeal from a judgment, entered upon the report of a referee in favor of the plaintiff, for $217.84.

The action is brought by the plaintiff against the defendants, as common carriers, to recover the value of a quantity of clothing taken from a trunk of the plaintiff while upon the defendants' boat, on a passage from Albany to New York.

The referee finds, in substance, that the boat was run by the defendants for the transportation of freight, &c., from Albany to New York. That the trunk, with its contents, was placed upon said boat, for transportation to New York, and delivered to the defendants at Albany, by delivering the same to Henry Acker, the captain of the boat, who received the same. That the defendants kept an agent at Albany, whose business it was to make contracts for the receipt and delivery of freight, and other agents to tally freight and attend to the delivery thereof.

That the duty of the captain was to navigate the vessel, and nothing else. That the plaintiff, on several previous occasions, sent articles to New York upon the boat, and generally made the arrangement for the transportation with Captain Acker, *and paid the charges for the articles to the defendants.*

That the plaintiff had no knowledge or notice that the captain's duties were confined to navigating the boat. That on

the arrival of the boat in New York, the trunk was found to have been broken open and its contents, to the value of $60, taken therefrom. The plaintiff offered to pay the charges for transportation, as agreed with the captain, which was refused. The referee reported in favor of the plaintiff, and a judgment was accordingly entered for $217.84, and the defendants appeal therefrom.

IRA SHAFER, *for appellants*.
C. B. COCHRANE, *for respondent*.

*By the Court*, INGALLS, J.   The liability of the defendants, is resisted on the sole ground, that the trunk was not delivered to the agent of the defendants, authorized to receive the same. That the delivery to the captain, was not a delivery to the defendants, and, therefore, they were not liable. The referee finds, that the only duty of the captain was to navigate the boat, and other agents were appointed to receive and deliver freight, and receive the pay therefor.

It does not appear that either the plaintiff or his father, knew of that arrangement, nor that they had any knowledge or notice, that the captain was not authorized to receive the trunk. *Witbeck had, on several occasions, sent articles by the captain, and paid the defendants therefor.* The captain was in attendance upon the boat, assumed to receive the articles; for transportation, and did not notify the plaintiff or his father, that he was not authorized to receive the same. From these facts it would seem, that it might be implied, that the captain was authorized to receive the trunk, and the defendants thereby rendered liable for the loss.

In *Bridenbecker* agt. *Lowel* (32 *Barb.* 18), ALLEN, J., remarks: "A general agency is, therefore, constituted, not by the authority which the agent actually receives from his principal, but that which the latter allows the agent to assume." (*Dunning* agt. *Roberts*, 35 *Barb.* 467; *Dows* agt. *Greene*, 16 *Barb.* 77 ; *Paley on Agency*, p. 296.)   "To charge a carrier with the receipt of goods to be conveyed, it is suffi-

cient to show a delivery to his servant usually employed in that business."

This is just, as the principal has the selection and control of his agent, and should be responsible for his acts performed within the scope of the apparent authority which the principal allows him to assume. The fact that the defendants received compensation from Witbeck on several occasions for goods similarly shipped, is strong evidence of the recognition of the authority of the captain thus to act. The counsel for the appellants relies upon the case *Blanchard* agt. *Isaacs* (3 *Barb.* 388). That case is quite distinguishable from the one at bar. In that case the coat was delivered to the driver of a stage coach, where the business was merely the transportation of passengers with their baggage, and the party who delivered the coat was not a passenger, and was informed by the driver that he could not enter it upon the way bill, but would deliver it to the next agent at Schuylerville, and with a knowledge of these facts the coat was delivered properly at the risk of the owner. In the case at bar the transportation of goods and merchandize was the regular business of the defendants, and no information was given to Witbeck that the captain was not the proper person to receive the trunk. He was then in charge, and assumed to act, and Witbeck reasonably concluded that he was the proper person to treat with (*Langworthy* agt. *N. Y. & H. R. R. Co.* 2 *E. D. Smith* 195). I am, therefore, of opinion that the judgment should be affirmed with costs.