Monell, J. (dissenting.)
The admissibility of the record of the judgment in Pennsylvania, having been declared in the decision of the former appeal in this case, it is not now open for examination.
The only question which appears to have been litigated on the last trial of this action, arose under the fourth subdivision of the defendant’s answer, in which it is alleged that the “ said dramatic composition has been published by .being publicly acted and represented in various theatres in many cities in the United States, by numerous actors and managers, for five years before the commencement of this action; and has thereby been dedicated to the public by such public representations; and that the plaintiff has thereby ceased to be the literary proprietor thereof, or entitled to any literary property whatever in the said play or dramatic composition.” Upon this issue evidence was given, that during five years preceding the commencement of this suit, the play of “ Our American .Cousin ” had been acted at many places in the United States, and at various times, in theatres with the management of which the plaintiff had no connection. It was also substantially proven that such acting was from a manuscript copy of the play, made up from memory, after seeing the representation at the plaintiff’s theatre. At the close of the evidence the defendant moved to dismiss the complaint, on the ground that Mr. Stuart, and not the defendant, was liable; and on the further ground that the plaintiff had failed to prove any damage. ' The motion was denied, and the defendant excepted. The court thereupon directed the jury to find, a verdict for the plaintiff, to which direction the defendant excepted. The exceptions were ordered to be heard, in the first instance, at the general term, and the judgment, in the meantime, suspended.
Neither of the grounds upon which the motion to dismiss the complaint was made can be sustained. The cause of action was. in the nature of a tort, for which a servant or agent is responsible as well as his master or principal, *70 (Boyce v. Dow, 8 McLean, 582; Becker v. Cobb, 9 Am. Law Rep. O. S. 547; Goodyear v. Phelps, 3 Blatchf. R. 91,) and it is, therefore, immaterial whether the defendant was acting under the direction of Stuart, the manager, or otherwise. In either case the plaintiff had her election to prosecute either, or both.
The proof of damage was sufficient to authorize the amount of the recovery. It was the defendant’s proportion of the net proceeds on the nights covered by the complaint, when the play was acted by the defendant, of which proportion there was no dispute.
The main objection, however, was that it should have been submitted to the jury, upon the evidence, whether the play had not been dedicated to the public by means of its public representation in various places, at various times, in theatres not under the management of the plaintiff, whereby she had lost her literary property in the play. It is sufficient, however, to say, in respect to this objection, that it is raised now for the first time, and it is therefore too late. It has been settled law in this state, as I understand it, certainly since Barnes v. Perine, (12 N. Y. Rep. 18,) that it cannot be objected on appeal, that questions of fact ought to have, been submitted to the jury, unless the request to submit such questions was made at the trial. The point, therefore, which is now made, is not, in my judgment, properly before us, and cannot be considered. If, however, it was open to examination, I should find much difficulty in determining that upon the evidence there was any question of fact for the jury to decide.
I cannot concur in the opinion that the plaintiff lost her literary property in the play, merely because it was acted from a manuscript, made up from memory, at various times and places, without the sanction or knowledge of the plaintiff ; nor even if it was thus acted with her knowledge, but without her consent. I do not think the title to literary property is divested, or the right to its exclusive possession lost, by merely suffering infringements of such right to *71 pass unnoticed. An owner is not obliged to involve himself in expensive litigation with every wrongdoer, for the purpose of preserving or protecting his right ultimately to assert his title; and certainly, without proof of some actual dedication, nothing that fall's short of a long-continued acquiescence in surreptitious performances of a play, would be sufficient to imply a dedication.
The infringements in this case, as disclosed by the evidence, were, as far as it appears, without the plaintiff’s knowledge, and certainly without her consent. I cannot, therefore, yield to the conclusion, that under such circumstances, the presumption could be justified that the plaintiff intended to dedicate her property in the play to the public. At most, to authorize such presumption, the surreptitious performances must have been so long continued, in so many different places, and under such circumstances, as to reasonably imply knowledge in the owner, and therefore assent; otherwise knowledge, coupled with such continued performance, must be affirmatively shown.
But I do not propose to examine the question further, for the reason, already stated, that if it was a question suitable for the jury, the attention of the court, at the trial, should have been called to it, and a request made to submit it to them. The defendant having failed to do so, it is now too late.
I am in favor of affirming the judgment.
New trial granted.