HOLLOWAY, appellant, v. STEPHENS *et al.* (No. 2.)

*Practice — failure to reply — Agency — authority of general agent.*

In an action to restrain defendant from bringing suits upon certain agreements made between him and plaintiff's agent, to cancel such agreements, and for an accounting, defendant set up a claim for expenses incurred on account of the agreements, and also damages arising from plaintiff's refusal to carry out the same. No reply was put in and no objection raised at the trial to the want of a reply.

*Held,* that it was doubtful whether the failure to reply admitted the claim of defendant; but if it did the omission of defendant to object at the trial constituted a waiver of the defect in plaintiff's pleadings and the objection could not be raised on appeal.

It appeared that the amount of sales in plaintiff's business in New York did not exceed $50,000 per annum. *Held,* that it was not within the apparent scope of the authority of plaintiff's agent having general charge of his business in New York to enter into contracts for advertising plaintiff's business in Mexico, the West Indies and South America at an expense of over $130,000 a year.

MOTION for a re-argument of an appeal, made on behalf of Benjamin F. Stephens, one of the defendants. The appeal was taken by the plaintiff, Thomas Holloway, from a judgment in favor of said Stephens for $171,237.43 entered upon the report of a referee. The complaint in the action asked that defendant, said Stephens, be restrained from continuing or bringing any actions against the plaintiff by reason of any claim under certain agreements made between one Haydock (who was also made defendant)

as plaintiff's agent, and said Stephens; that the agreements be declared null and void, and that an account be taken of any sum due from plaintiff to said Stephens, the plaintiff offering to pay the balance found due.

The answer of Stephens alleged that by the refusal of plaintiff to carry out said agreements he (Stephens) had been damaged in the sum of $200,000, for which sum judgment in the way of affirmative relief was asked. The agreements in question provided for the publication of an advertisement of certain medicines prepared and sold by plaintiff, in sundry newspapers published in Mexico, the West Indies and various parts of South America.

Upon the former hearing, the judgment entered upon the report of the referee was reversed and a new trial ordered. At that hearing the only question argued was as to the damages awarded by the referee, which appeared to be based upon the evidence of Stephens as to what the profits of the agrements would have amounted to, had he been allowed to go on and complete them. The estimate was made upon a calculation of the sum to be paid for advertising in a specified number of newspapers a certain length of time and deducting therefrom 10 per cent for probable failures of newspapers, and a specified sum for postage, and amounted to $270,710.88, of which sum Stephens was allowed as prospective profits, fifty per cent or $135,355.44.

A statement of the findings in the opinion of Mr. Justice DAVIS delivered upon the former hearing, and also further facts will be found in a report of this case at page 2 of the addenda to this volume.

*John Clinton Gray*, for appellant, cited *Bolles* v. *Duff*, 56 Barb. 567; *McGarry* v. *Board of Supervisors*, 1 Sweeney, 217; *Newell* v. *Wheeler*, 4 Rob. 190; *Rector, etc., of Trinity Church* v. *Higgins*, id. 372.

*Titus B. Eldridge*, for respondent.

DANIELS, J. The motion for a re-argument of the appeal taken in this cause proceeded chiefly on the ground that by omitting to serve a reply the plaintiff should be held to have admitted what is relied upon as a counter-claim, as set forth in the defendant's answer. The answer, in this respect, alleges a claim for expenses and

disbursements in the partial performance of the contracts referred to in the complaint, and also damages sustained by the defendant Stephens, arising out of the plaintiff's refusal to fully perform such contracts. The claims set forth are wholly unliquidated, and in no way described or determined by the contracts themselves. And for that reason it may very well be doubted whether the failure to reply would in any view admit their existence as they are set forth in the answer. Where the contract set forth, by its own terms, determines the nature and extent of the demand claimed, there a failure to answer or reply as the case may require could be very well held to admit the existence and extent of the demand relied upon as a cause of action or counter-claim. But that is not the ordinary effect of a default in answering or replying, where the demand is unliquidated and unadjusted, as those set forth by the defendant most clearly are. Another reason also appears in the case why the omission to reply should not be held to produce an admission of the defendant's demands on this appeal, and that is, that no such point was made upon the trial before the referee; on the contrary, the trial proceeded before him precisely the same as though a complete issue had been formed by the pleadings controverting the defense alleged in the defendant's answer. And where an action is tried in that manner, the defect in the pleadings is, at least for the time being, waived. The party who could raise the objection and fails to do so, practically admits the sufficiency of his adversary's pleadings. And that admission must continue to be effectual throughout the proceedings afterward taken by way of appeal from the judgment. Any other rule would be productive of great injustice, for it would allow a party to be ensnared into a final defeat through an oversight, which could readily be supplied by motion, if its existence were made the subject of objection during the progress of the trial involving the examination and determination of the issues in the action. The rule is a familiar one, which requires objections, that the party may be able to remove by proof or the amendment of his papers or proceedings, to be made while it may be in his power to correct and supply the defect; if he fails to do that, he cannot afterward urge the omission as a ground of error, and this rule has been applied directly to defects and omissions in the pleadings, as well as other proceedings in legal or equitable actions. It operates in the nature of an estoppel arising out of the circumstance that the party having a defective pleading is

allowed to proceed with his case the same as though no defect whatever existed.

After such a proceeding, it would be inexcusably harsh to allow the defect to be made use of as a means of defeating the party permitted to rely upon the conviction that his pleadings were sufficient within the judgment of his adversary. The rule of practice governing these subjects will be found to sanction no such injustice. In the case of *Williams* v. *Hayes,* 20 N. Y. 58, it was held by JOHNSON, C. J., that " When a party wishes to avail himself of an implied admission of the pleadings, it should affirmatively appear that the attention of the court, or other tribunal, has been called to it. In point of fact, causes are tried and disposed of, under the present system, with little or no reference to the pleadings, unless some question is made upon them at the trial. And when no such question is there made, none ought to be allowed to be afterward raised. Any other rule would throw the duty of vigilance upon the wrong party." And to the same effect, in substance, are the cases of *McDonald* v. *Christie,* 42 Barb. 36; *Barnes* v. *Perine,* 12 N. Y. 18; *Bumstead* v. *Dividend Mutual Insurance Company,* id. 81. This is a wise and salutary rule, which ought to be uniformly observed. Important rights are often waived and lost by not presenting them at the proper time for doing so. *Vose* v. *Cockcroft,* 44 N. Y. 415. And no reason exists for creating any exception in favor of those presented upon the pleadings. The failure to object conceded, in effect, that the pleadings in the action were in proper form for its complete trial upon the evidence. And after that it became the duty of the court to dispose of the points made upon the appeal as that presented them.

By the terms of the contract made on the 25th day of July, 1865, and which included the principal portion of the advertising to be done, the notices to be published were to be inserted in newspapers of twelve months' existence, and not at the time having the plaintiff's advertisements in them. Under that restriction the defendant Stephens could only demand payment for the advertisements published in conformity to it, and, to entitle himself to the compensation agreed to be paid, he was bound to show that he had conformed to that restriction. It was for the advertisements in the papers having the qualifications mentioned that he was to be paid, and he was bound to prove that to be their character before the stipulated payments could be claimed. That was not done, and for

that reason he was erroneously allowed payment for advertisements inserted in these papers. Besides that, the proof did not show that the advertisements were continued for such periods of time as would entitle the defendant to a judgment for the large amount of compensation awarded to him by the referee. Merely showing the publication in the papers, combined with the circumstance that the publishers demanded a certain sum of money for what they had done, was not sufficient for that purpose. Both together did not prove that the advertisements had been inserted in the papers for such a period of time as would entitle the defendant to the compensation claimed and allowed as due to him. That could only be properly established by showing the continuance of the advertisement for such periods as would equal the amount claimed to be due.

The proof as to the large amount of damages claimed was still more unsatisfactory. It depended upon a simple estimate made by the defendant, depending, to a considerable extent, upon his success in preceding similar enterprises. Before such an allowance could be claimed, the evidence should have proved, to a reasonable degree of certainty, what expenses would have been required to perform the defendant's undertaking, the risks and value of the labor attending it, and the amount of the contract price that would then have remained unexpended, and that should be done by satisfactory evidence. To warrant the recovery of damages to the amount of $130,000, something more than general statements and estimates should be required.

The business in which the agent was engaged, who entered into the contract for advertising with the defendant Stephens, was carried on at the city of New York. Its annual sales did not exceed about $50,000, and there is good reason for believing that they fell very much short of that amount. The business consisted in manufacturing, advertising and selling patent medicines compounded by the plaintiff. The agent was authorized to do whatever was requisite and necessary to be done in and about that business as fully as the plaintiff might do in case he was personally present. This conferred upon the agent all the power the business itself could indicate that he possessed to persons dealing with him. They could infer no greater authority from the manner in which the business would ordinarily be carried on. This made the agent a general one; but, at the same time, his powers were, in either view, limited to what was required to be done in the management and

transaction of the business under his control. For even a general agent cannot bind his principal by the performance of any act beyond the apparent and ostensible scope of his authority. He is to be presumed to have all the power which the nature of the business he may be engaged in requires to be used. But when he exceeds such powers, even the acts of a general agent will fail to bind his principal, for third persons have no reason to suppose that powers not properly exercised in the business intrusted to him have been conferred even on a general agent by his principal. *Munn* v. *Commission Co.*, 15 Johns. 44; *Lightbody* v. *North American Insurance Co.*, 23 Wend. 18; 1 Pars. on Cont. (5th ed.) 41, 42; *Witbeck* v. *Schuyler*, 44 Barb. 469. These cases all require the act of a general agent to be within the apparent scope of his authority, in order that it shall be binding upon the principal. But how the advertisement of such a business in foreign languages and foreign countries, to the extent agreed upon between the plaintiff's agent and the defendant Stephens, can be brought within the scope of this agent's apparent powers, in no way appears from the case presented as the basis of the present motion. If it cannot, then the defendant must be restricted to such compensation as he may prove to be equitably due to him under the offer contained in the plaintiff's complaint. For the plaintiff has at all times disapproved of such acts of his agent as were not included in the affairs of the business intrusted to him, and the agreements involved in the present controversy were distinctly disaffirmed and disavowed as soon as they were brought to his attention. Partial payments of small amounts were made upon them, but they were made by the agent without the knowledge or direction of his principal. They in no sense, therefore, constituted a ratification of the agent's acts in entering into the contracts. If he could not make them, he had no power to ratify them.

These agreements stipulated for the foreign advertising of the plaintiff's compounds for a period of two years at an expense exceeding $130,000 a year. While it is not necessary to decide the point now, it can hardly be conceived to be possible that the credulity of the defendant would have permitted him to suppose that the plaintiff's business could require such an expenditure, or that his agent had any power to increase it. Under the evidence now in the case little if any reason exists for supposing that the plaintiff's agent could render him liable for such important consequences. Certainly

the present motion must be denied and the case retried as directed by the order already entered.

DAVIS, P. J., and BARRETT, J., concurred.

*Motion denied.*