(8 App. Div. 565)

CENTRAL PRESBYTERIAN CHURCH OF ROCHESTER v. THOMPSON.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1896.)

SUBSCRIPTIONS—CONSIDERATION.

    A subscription for the purchase of land and erection of a church, followed by such purchase and erection, is supported by a sufficient consideration.

Appeal from trial term, Monroe county.

Action by the Central Presbyterian Church of Rochester against James J. Thompson to recover $300 on a subscription made by defendant towards the purchase of land and the building of a new auditorium for plaintiff. Judgment was entered on a decision of the trial court in favor of plaintiff, a jury trial having been waived, and defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Medcalf & Burns, for appellant.

Hubbell & McGuire, for respondent.

WARD, J. The plaintiff is a religious corporation, and located in the city of Rochester, N. Y. It desired to purchase land and build a new auditorium for religious purposes. About the 10th of March, 1890, a large church meeting was held upon the subject, and

the meeting determined to obtain promises or subscriptions for the purchase of land and for the building of the structure. The trustees of the plaintiff concurred, and subscriptions were obtained to the amount of $104,000, and the plaintiff proceeded and purchased the land needed, and constructed the building at a cost exceeding the amount subscribed, relying upon those subscriptions, among which was the undertaking of the defendant in writing that the plaintiff received, executed on the 10th day of March, 1890, of which the following is a copy:

March 10th, 1890.

To the Trustees of the Central Presbyterian Church: I agree to pay the sum of one hundred dollars per year for five years towards the purchase of land and the erection of a new auditorium, and such improvements as you have contemplated. Payments to be made quarterly, commencing April 1st. 1890.                                              J. J. Thompson,
Residence 24 So. St. Paul.

The defendant paid $200 upon this subscription at various times from April 17, 1890, to March 31, 1892, inclusive, but he refused to pay the balance, and a recovery was had against him therefor, upon which judgment was entered, and from that judgment an appeal brings the question before us, and the appellant makes the point that there was not sufficient consideration shown by the evidence to support the promise. In examining the appeal book, we find no statement that it embraces all the evidence and proceedings upon the trial, so that the respondent may stand upon the presumption, in the absence of such statement, that there was evidence sufficient upon the trial to sustain the judgment; but assuming, as is very likely the case, that we have all the evidence before us, and the omission of the statement referred to was accidental, we have reached the conclusion that there was evidence sufficient to sustain the finding of the trial court; that, relying upon the said subscriptions, and pursuant to the requests therein implied to purchase the lands and construct the church edifice, made by the defendant and other subscribers, the plaintiff, by its trustees, after the execution of the defendant's subscription and others, did purchase land at an expense of $36,500, and proceeded to erect thereon a church edifice for the use of the plaintiff, expending therefor between eighty and ninety thousand dollars. A careful examination of the instrument signed by the defendant will disclose that it is addressed to the trustees of the plaintiff; that it contains an agreement to pay the $500 towards the purchase of land and the erection of the new building "as you [the trustee] have contemplated." Here is an agreement, first, to pay; second, to pay for such building as the plaintiff has contemplated. This, therefore, is at least an implied proposition on the part of the defendant that, if the plaintiff will go to the expense of this structure, the defendant will pay the money at the stipulated period; and when it appears, as in this case, that the plaintiff has complied with the conditions imposed upon it by the defendant's writing, a sufficient consideration is shown to support the defendant's promise, and he is liable; and this position is abundantly sustained by authorities. McAuley

v. Billenger, 20 Johns. 89; Barnes v. Perine, 12 N. Y. 18; Union Seminary v. McDonald, 34 N. Y. 379; Roberts v. Cobb, 103 N. Y. 600, 9 N. E. 500.

The judgment should be affirmed, with costs. All concur.