In the Matter of the Final and Judicial Settlement of the Estate of MARY JANE SHELDON TAYLOR, Deceased.

EDWARD W. LARKIN, Appellant; BENJAMIN STARR and Another, Executors, etc., of MARY JANE SHELDON TAYLOR, Deceased, Respondents.

Third Department, November 18, 1932.

L. R. Chase, for the appellant.

Henry D. Lucy [Haskell & Maher, attorneys for First Baptist Church of Homer, N. Y., of counsel], for the respondents.

HILL, J. Testatrix was about ninety-five years of age at the time of her death. About four years earlier she caused to be pre-

pared and delivered to the First Baptist Church of Homer, N. Y., a note, reading as follows:

" Preble, New York.

" $6000.00                                    "*January* 6, 1922.

" For value received I hereby promise to pay at my decease, to the First Baptist Church of Homer, New York, its successors or assigns the sum of Six Thousand and no/100 Dollars, without interest. And I do hereby direct the executors named in my will and testament to pay the said sum of $6000.00 to the Trustees of said church, or to their successors, in office, in the due course of the settlement of my estate and I hereby direct that said debt shall draw interest at the legal rate from and after the date of my decease.

" M. JANE SHELDON TAYLOR."

Her executors in due time presented their account together with a petition asking that it be finally judicially settled and that they be discharged as executors. They asked credit therein for the sum which had been paid to retire this note and interest from the date of decedent's death. This payment was objected to, and a trial had before the surrogate of Cortland county. He dismissed the objections and allowed credit for the payment. Appeal was taken by the objectors, and the surrogate's decree was affirmed by the Appellate Division (*Matter of Taylor*, 225 App. Div. 711), but reversed in the Court of Appeals (251 N. Y. 257), and a new hearing granted. It was determined by the Court of Appeals that, under the circumstances proven, neither the inference of a consideration arising from the recital in the note that it was given " for value received " nor the fact of payment by the executors which was stated to be " of some value " in determining the validity of the claim (Surr. Ct. Act, § 210) was sufficient to establish the executors' freedom from negligence in paying the note and that the objectors " should have an opportunity to offer evidence of lack of consideration to rebut the presumption arising from the words ' for value received.' " The opinion further states (p. 261): " The primary question in the case is whether the notes were executed and delivered as gifts to take effect at death, or because of an indebtedness on the part of the testatrix to the several religious societies therein named. As attempted gifts they would be void. If sustained by a consideration they would be upheld." (On the previous appeal two notes were under consideration.)

Upon the rehearing before the surrogate, proof of the character described in the opinion of the Court of Appeals was offered and received, and the account of the executors again approved. No appeal is taken from the portion of the decree allowing the smaller

of the two notes considered on the former appeal, but an appeal is taken from so much of the decree as allows credit for the payment made on account of the $6,000 note. The decedent became a member of the Baptist Church of Homer many years before her death. The covenant of membership is in writing. Among the obligations she therein assumed were the following: " To contribute cheerfully and regularly to the support of the ministry, the expenses of the church, the relief of the poor, and the spread of the gospel through all nations." During the years of her membership she contributed regularly to and including 1916. Her pledge that year of $112 was the last which she paid. Until the giving of the note, the books of the church disclosed unpaid pledges of several hundred dollars. She frequently expressed regret and unhappiness because of her inability to pay and discharge these pledges and her obligations to the church, and said in substance that some arrangement would be made in this regard. The note was drawn by a reputable attorney who came to decedent's home after several talks between decedent and the then pastor of the church. On the same day that the note was drawn a codicil to her last will and testament was prepared. This sustains an argument that decedent distinguished between a gift without consideration in a will, and the payment of a debt by the giving of a note. Had she desired to make a gift to the church without consideration, it could have been accomplished through the codicil then prepared. However, if she regarded her unpaid pledges and her covenant to contribute as a legal obligation, this could be discharged only through payment or the giving of a note. The evidence would justify the finding that the giving of the note was regarded by both parties as satisfaction of past pledges and obligations and in full discharge of her future financial obligations as a member of the church. The erection of a new building by church officials in reliance upon a pledge is consideration to the pledgor. (*Barnes* v. *Perine*, 12 N. Y. 18; *Presbyterian Society* v. *Beach*, 74 id. 72.) In *Twenty-third Street Baptist Church* v. *Cornell* (117 N. Y. 601) there was a failure of consideration because the church officials had not undertaken the building at the time the pledge was withdrawn through pledgor's death. This decedent had joined with the other members of the Baptist Church of Homer in a covenant to maintain the church after it was built, to pay its pastor, and the other expenses incident to the conduct of a church, to further its home and foreign missionary work. The church officials relying upon the covenant and promise of all of the members, including decedent, did maintain and conduct a church and assumed obligations to pay the funds necessary for such purposes. There is no distincion in principle between

the obligation incurred by church trustees who undertake to build a church and the obligations of the same men who undertake to conduct, run and pay the expenses of one already built, and there is no distinction between pledges made by members for one purpose or the other.

After decedent gave the note, the church officials and solicitors no longer requested payment from her either of the past due pledges or those which thereafter became due. Forbearance without a promise to forbear constitutes a valuable consideration. (*Strong v. Sheffield*, 144 N. Y. 392.) The expression of concern by decedent because of her inability to pay the pledges accruing between 1916 and 1922, when the note was given, her conversations with Mr. Houghtaling, the pastor, in regard to giving the note, and the subsequent conduct of the church officials and the decedent indicate that the promisor and the promisee regarded the payment of past due pledges and the release from those thereafter to accrue as a consideration for the promise to pay $6,000 after death, and thus the agreement was bilateral. (*McGovern v. City of New York*, 234 N. Y. 377, 389; *Walton Water Co. v. Village of Walton*, 238 id. 46, 51.) Similar promises have been sustained in recent decisions by the courts of this State. (*Allegheny College v. National Chautauqua County Bank*, 246 N. Y. 369; *Keuka College v. Ray*, 167 id. 96.)

The decree of the surrogate should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, RHODES and CRAPSER, JJ., concur.

Decree affirmed, with costs to the respondents payable out of the estate.