Grover, J.
 

 This action was brought by the plaintiffs to recover a balance claimed to be due upon an account for
 
 *568
 
 goods sold by the plaintiffs to the defendant. Defence, payment and the statute of. limitations. The payment was claimed by the defendant t'o have been made by the transfer of a note held by the defendant against one Fisher for $400 to the plaintiffs. Egbert Starr, one of the counsel, testified in substance that the note was received by the plaintiffs as security for the debt, and not in payment. The defendant testified in substance that the note was received by the plaintiffs in payment of the debt. This was the substance of all the evidence upon this point. Upon this testimony the judge held that an action could not be maintained upon the account, and directed the jury to find a verdict for the defendant. This direction was clearly erroneous. Upon the testimony, the question whether the note was received in payment of, or as security for the debt should have been submitted to the jury, with instructions that if they found the former, defendant was entitled to a verdict; but if the latter, the plaintiffs were entitled to recover.
 
 It is
 
 insisted that an exception taken to the direction of the judge to find a verdict for the defendant, is not sufficient to enable the appellants to raise this question upon appeal; but that for this purpose the counsel should have requested the court to submit the question to the jury and excepted to the refusal.
 
 Barnes
 
 v.
 
 Perine
 
 (2 Kern., 18) and
 
 Winchell
 
 v.
 
 Hicks
 
 are relied upon in support of this position. In the former the defendant’s counsel at the close of the evidence moved for a nonsuit upon the facts assumed to have been established by the evidence. The court denied the motion, and directed the jury to find a verdict for the plaintiff, to which an exception was taken. Under this state of facts it was rightly held that if there was any conflict in the testimony as to any of the material facts thus assumed, the counsel should have requested the court to submit the question to the jury; and that his neglect so to do was a waiver of the right to have it so submitted.
 
 Winchell
 
 v.
 
 Hicks
 
 was a like case, so far as the point under consideration was involved and decided in the same way.
 
 ONeill
 
 v.
 
 James
 
 (43 N. Y., 85) was in this respect, in principle, the same as the
 
 *569
 
 cases cited
 
 supra,
 
 and decided in the same way for the same reasons. The principle upon which these cases were decided was, that the defendants had, by the course adopted by them, assumed that there were no disputed facts to be determined by the jury, but that questions of law only were involved, the decision of which determined the rights of the parties. In
 
 Sheldon
 
 v.
 
 The Atlantic Fire Ins. Co.
 
 (26 N. Y., 460) the defendant moved for a nonsuit, which was granted, to which the plaintiff excepted. Here the judge determined that upon any finding authorized by the evidence the plaintiff was not entitled to recover; and the court held that the question whether in this the jugde erred, was presented by the exception to the nonsuit. Here the plaintiffs had done nothing to induce a belief that there was no question of fact involved. By resisting the motion for a nonsuit they had insisted upon their right to recover upon the facts proved, or at least to have such right submitted to the jury upon the evidence tending to prove such facts. There is no conflict in these cases. The present case is within the same principle as the case last cited. The plaintiffs had proved their account. The defendant had given evidence tending to prove that he had paid the same in a note against a third person which the plaintiffs agreed to receive in payment; and the plaintiffs had given like evidence that the note was not received in payment, but as security for the debt. Upon this the judge ruled that an action could not be maintained upon the account, and directed the jury to find for the defendant. The exception to this direction raises the question whether, upon any finding warranted by the testimony, the plaintiffs were authorized to recover the balance claimed upon the account. They clearly were so entitled, as the jury would have been warranted in finding that the note was taken as security; and if so, it did not bar the remedy upon the account, but the action was barred by the statute of limitations. More than six years had elapsed after the cause of action accrued prior to the commencement of the action, during which the defendant was a resident of the State. The only question upon this
 
 *570
 
 point is, whether section 2 of chapter 578, Laws of 1864, page 1332, operates retrospectively, so as to exclude from the computation the time the defendant was absent from the State, in 1861 and 1862, in the military service of the United States. There is nothing in the act showing an intention that this section should so operate. It therefore comes within the general rule that statutes shall only operate prospectively, unless the statutes plainly declare the contrary. Upon this ground the judgment must be affirmed, with costs. All concur.
 

 Judgment affirmed.