LEONARD APPLEBY et al., Respondents, *v.* THE ASTOR FIRE INSURANCE COMPANY, Appellant.

Upon an undisputed state of facts the court, in which an action is pending, may render the judgment which the law requires, without the aid of a jury.

A request, upon the whole case, to direct a verdict for the defendant is, in substance and effect, the same as a motion for a nonsuit.

Defendant insured plaintiff upon merchandise, hazardous and not hazardous, which included "cabinet ware." The policy provided that if the premises should be used for the carrying on of any trade or occupation, or for keeping therein certain combustible articles specified, so long as so used, the policy would be void; also, if the risk should be increased by means within control of the assured, or by the occupation of the premises for more hazardous purposes than permitted, it would be void. Plaintiff permitted the occupation of the premises for the putting together and finishing chairs manufactured elsewhere, and brought there

disjointed and incomplete. This work required a number of workmen and the keeping and use of certain of the prohibited articles; an alcohol lamp used therefor exploded and a fire ensued. In an action to recover the insurance these facts appeared undisputed. Defendant's counsel asked the court to direct a verdict for defendant, which was refused. *Held,* error; that an insurance on " cabinet ware " simply had reference to keeping the articles in a finished state; that no process of manufacture or of completion of the articles was contemplated or covered by the policy, and that defendant was entitled to a verdict.

Also *held,* that exclusion of evidence that such occupation increased the risk was error.

(Argued March 21, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered on a verdict, and affirming an order denying a motion for a new trial.

This action was brought on two policies of fire insurance issued by defendant to plaintiff. The facts sufficiently appear in the opinion. At the close of the evidence upon the trial defendant's counsel requested the court to direct a verdict for defendant. This the court refused to do, and defendant excepted.

*Charles E. Whitehead* for the appellant. The court erred in receiving evidence of the use of prohibited articles as incident to a business not prohibited, not in the list of hazards insured, and in charging that if they were incident to such business, their use did not avoid the policy. (*Bryant* v. *Poughkeepsie Ins. Co.,* 17 N. Y., 200; *Harper* v. *Albany Ins. Co.,* id., 194; *Dolongmare* v. *Tradesmen Ins. Co.,* 2 Hall, 589; *Mayor* v. *Brooklyn F. Ins. Co.,* 41 Barb., 231; *Langdon* v. *Eq. Ins. Co.,* 6 Wend., 423; *Pindar* v. *Kings Co. Ins. Co.,* 34 N. Y., 648; *Smith* v. *M. and T. Ins. Co.,* 32 id., 399.) Oral evidence of experts as to whether a change increased the risk is proper, and insurance officers are proper experts. (*Webber* v. *East. R. R. Co.,* 2 Met. [Mass.], 147; *Kern* v. *S. St. L. Ins. Co.,* 40 Mo., 19.) The occupation of the premises for forbidden uses would render the policy void. (*Mead* v. *N. W. Ins. Co.,* 7 N. Y., 530; *Duncan* v. *Sun Ins. Co.,* 6 Wend., 488.)

*Wm. Henry Arnoux* for the respondents. The finding of the jury for plaintiffs was a finding that the work carried on on the premises was incident to the permitted business of the policy, and entitled plaintiffs to recover. (*Bryant* v. *Poughkeepsie Mut. Ins. Co.*, 17 N. Y., 200; *Harper* v. *Albany Ins. Co.*, id., 194; *Harper* v. *N. Y. City Ins. Co.*, 22 id., 441; *Yates* v. *Madison Ins. Co.*, 5 id., 469, 479; *Pindar* v. *Kings Co. F. Ins. Co.*, 36 id., 649; *Leggett* v. *Ætna Ins. Co.*, 10 Rich., 202; *Moore* v. *Pro. Co.*, 29 Me., 101; *Moadinger* v. *M. F. Ins. Co.*, 2 Hall, 490; *Wall* v. *How. Ins. Co.*, 14 Barb., 483; S. C. on appeal, not reported; *Langdon* v. *Eq. Ins. Co.*, 1 Hall, 226; S. C., 6 Wend., 423; *Delongmare* v. *Tradesmen Ins. Co.*, 2 Hall, 589; *Mors* v. *Prot. Ins. Co.*, 29 Me., 97; *Mayor* v. *Brooklyn F. Ins. Co.*, 41 Barb., 231; *O'Neil* v. *Buff. F. Ins. Co.*, 3 N. Y., 122; *Billings* v. *Toland Ins. Co.*, 20 Conn., 139; *Yates* v. *Mad. Ins. Co.*, 5 N. Y., 469; *Grant* v. *How. Ins. Co.*, 5 Hill, 10; *Wall.* v. *How. Ins. Co.*, 14 Barb., 383; *Franklin Ins. Co.* v. *Updegraff*, 44 Pa. St., 350; *Liebenstein* v. *Baltic Ins. Co.*, 45 Ill., 301; *Peoria F. and M. Ins. Co.* v. *Lewis*, 18 id., 553; *Wash. Mut. Ins. Co.* v. *M. and M. Ins. Co.*, 5 Ohio St., 450; *Ellmaker* v. *Franklin Ins. Co.*, 5 Barr., 183; *Beam* v. *Kings Co. F. Ins. Co.*, 31 How., 508; *Citizens Ins. Co.* v. *McLaughlin*, 3 P. F. Smith, 485; *People's Ins. Co.* v. *Spencer*, id., 353; *Guard. F. and M. Co.* v. *Stephenson*, 37 Penn. St., 293. Defendant's objections to the judge's rulings as to testimony are of no avail, as no ground of objection is stated. (*Fountain* v. *Peters*, 38 N. Y., 184; *Shaw* v. *Smith*, 3 Keyes, 316.) The judge was right in refusing to allow defendant to show that the rate of insurance on Sawin & Osgood's stock was more hazardous than the policy permitted. (*Harper* v. *Albany City Ins. Co.*, 17 N. Y., 198.) Insurance companies are not permitted to show at the time of trial that they would have charged a larger premium if they had known as much at that time, as they did at the time of the trial. (*Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 72; *Durnell* v. *Beverly*, 1 Holt's N. P. C., 283.) The court properly refused

to charge that if the jury believed 'alcohol, painters' stock of varnish and turpentine, or either of them, were kept stored on the premises, defendant was entitled to a verdict. (*Ferguson* v. *Ferguson*, 2 N. Y., 361; *Kelsey* v. *Western*, id., 506; *Wright* v. *Delafield*, 25 id., 268; *McKyring* v. *Bull*, 16 id., 297; *McKay* v. *Draper*, 27 id., 256, 266; *Kriffen* v. *McConnell*, 30 id., 285; *Grant* v. *How. Ins. Co.*, 5 Hill, 10; *O'Neil* v. *Buff. Ins. Co.*, 3 N. Y., 122.) There was no evidence to warrant a finding that either of these articles were kept or stored, within the meaning of the policy. (*N. Y. Eq. Ins. Co.* v. *Langdon*, 6 Wend., 623; S. C., 1 Hall, 226; *O'Neil* v. *Buff. Ins. Co.*, 3 N. Y., 122; *Billings* v. *Tolland Ins. Co.*, 20 Conn., 139.) Defendant's exception to the requests to charge as to the incidental work done by Sawin & Osgood were not well taken; and being taken to both requests, it must show both were erroneous. (*Haggart* v. *Morgan*, 5 N. Y., 422, 428; *Hunt* v. *Maybee*, 7 id., 266, 273; *Hart* v. *Rensselaer*, 8 id., 37, 43; *Acker* v. *Ledyard*, id., 62; *Caldwell* v. *Murphy*, 11 id., 416; *Decker* v. *Matthews*, 12 id., 313; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id., 315; *Day* v. *Roth*, 18 id., 448; *Winchell* v. *Hicks*, id., 558; *Chamberlain* v. *Pratt*, 33 id., 52; *Magee* v. *Badger*, 34 id., 248; *Walsh* v. *Kelly*, 40 id., 558; *Baum* v. *Mullen*, 47 id., 576.)

REYNOLDS, C. The plaintiffs were insured by the defendant on merchandise, hazardous and not hazardous, contained in brick store No. 360 Pearl street, in the city of New York. The insurance was in fact effected upon the plaintiff's stock of tobacco and snuff, in the building named, which they held under a lease containing a provision that the premises were not to be used or occupied for any business deemed extrahazardous by insurance companies on account of fire. The plaintiffs manufactured tobacco in New Jersey, had their place of business in Water street, New York, and occupied a part of the premises in Pearl street for the purpose of storing manufactured tobacco and snuff. At the time the policies were issued, the plaintiffs were the lessees of the entire build-

ing, which seems to have been one of five stories, and they at some time occupied the third floor and the basement, but at the time of the fire were only occupying the basement with their stock of tobacco. In April, 1863, while the policies were in force, the plaintiffs permitted Sawin & Osgood to come in and occupy the first, second, fourth and fifth floors of the building in their business, and they were in such occupation when the fire occurred, and it happened from the explosion of some combustible material they necessarily employed. Sawin & Osgood manufactured chairs, or partially did so, in Gardner, Massachusetts. The business which they introduced into No. 360 Pearl street was the finishing of chairs which had been manufactured in the rough at their manufactory in Massachusetts ; they were shipped in an incomplete state, in boxes, and when they reached 360 Pearl street, New York, the boxes were opened ; the shavings in which they had been packed were scattered around loosely, and the fragmentary parts of chairs were in various forms fitted together and made perfect for sale. In the performance of this work from eight to ten men were constantly employed, with various tools and implements, and, among other necessary things, glue, paint, alcohol, varnish, and benzine; requiring four or five barrels at a time. In the ordinary course of the business in which Sawin & Osgood were engaged, the alcohol lamp, used for heating glue, with which different parts of a chair were put together, exploded, and the fire ensued in consequence.

The contract of insurance provided that, " if the premises at any time during the period should be used for the purpose of carrying on therein any trade or occupation or for keeping therein any articles denominated hazardous, or especially hazardous in the second class of the classes of hazards annexed to this policy, from thenceforth and so long as the same should be so used, this policy shall be of no force or effect." And it was further provided, that " If during the existence of the policy the risk shall be increased by any means within the control of the assured, or by the occupation of the premi-

ses for more hazardous purposes than are permitted by this policy, this policy shall be void."

Among the articles denominated hazardous or specially hazardous in the second class of the classes of hazards annexed to the policy, were "oil, alcohol, painters' stock, turpentine, spirits of turpentine and varnish." And among trades denominated specially hazardous in the second class of hazards were " all workshops, manufacturing establishments, trades and mills not above enumerated as hazardous or extra-hazardous." No previous mention had been made of. the trade or occupation of "chair finishing."

I am of the opinion that, upon the undisputed facts, under the provisions of the policy, the plaintiffs were not entitled to recover, and that a verdict should have been directed for the defendant. The terms of the contract between the parties must control the result; and if unambiguous, neither courts nor juries can alter or modify its provisions or in effect make a new one. When the insurance was effected, the plaintiffs occupied a part of the building for the storage of tobacco and snuff. This use of the building does not appear to have required the presence of any of the combustible materials by the use of which the subsequent fire actually occurred. I understand it to be conceded by the counsel for the plaintiffs, that if the operations of Sawin & Osgood are to be considered as a workshop or a manufacturing establishment, the plaintiffs were not entitled to recover, and the claim of the plaintiffs to recover is based solely on the ground that all they did, or caused to be done, came within the description of a stock of cabinet-ware, and that the use of articles ordinarily prohibited, but necessary and incident to such business, did not avoid the policy. It is true, that in the first class of hazards, under the designation of " Extra hazardous, No. 1," " cabinet-ware" is named. It might have been suggested on the trial, I think, with some force, that as the insurance was on " merchandise hazardous and not hazardous," " *extra-hazardous*" goods were not embraced, and, therefore, that even a stock of " cabinet-ware" was not insured. But

as this question seems to have been regarded as unimportant in the court below, it is not necessary to give it consideration here. Conceding, therefore, that a stock of "cabinet-ware" was covered by the terms of the policy, I am not able to discover anything in the contract of insurance that permitted the plaintiffs to allow Sawin & Osgood to occupy any part of the premises for purposes such as the evidence disclosed. It appears to be very clear that in the first class of hazards, no process of manufacture or completion of any article therein named was contemplated. It obviously has reference to the mere keeping, or storage of the article named, in a finished state. If otherwise, the subsequent restrictions of the policy against various trades and their incidents, and the presence of combustible materials are of no significance. It must be admitted that there is, of necessity, a large difference in the risk of insuring against fire, any article completed and finished, stored in any building, and the same article in an unfinished state, while undergoing in various forms, the process of completion. In the one case, the thing might appear very harmless, and in the other, it might be quite different; and it seems that in the policy we have to consider, the distinction is very apparent and presents no question for a jury. I do not agree that it is to be sent to a jury to say whether or not a lot of disjointed chairs in an unfinished and incomplete state is a stock of "cabinet-ware," in the sense in which those terms are employed in the policy. They plainly were not, and the defendant was entitled to judgment. (*Pindar* v. *The Continental Ins. Co.,* 38, N. Y., 364; *Lee* v. *How. Ins. Co.,* 3 Gray, 592; *Macomber* v. *Same,* 7 id., 257; *Whitemarsh* v. *Charter Oak Ins. Co.,* 2 Allen, 581; *Richards* v. *The Protective Ins. Co.,* 30 Maine, 373.)

It is presumed that the evidence offered by the defendant to show that the risk was increased by the use to which Sawin & Osgood devoted the premises, was ruled out upon the principle that the trade of "chair finishing" meant a stock of "cabinet ware," and that, therefore, the additional risks incidental to the keeping of a stock of cabinet-ware were agreed

to be borne by the insurer. I am by no means clear that, in any view of the case, this evidence should not have been received, but as I prefer to dispose of the case upon the other ground, it is not necessary to discuss that question.

The judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.

At the September term a motion was made for a reargument of this appeal, which motion was denied, the court giving the following opinion: — REP.

Per CURIAM. We are very earnestly pressed to order a reargument of this cause, and reconsider our judgment given at the last term, upon the ground that the vital question was for the jury, and that it was grave error to dispose of it as one of law. The magnitude of the claim and the importance of the question, has induced us to give careful consideration to the application of the plaintiffs.

We do not discover that it is claimed that there is any dispute in respect to all the material facts, but that it was, upon the undisputed facts, for the jury and not the court to say, whether the operations of Sawin & Osgood were or were not in violation of the conditions of insurance. We think, as an ordinary rule, it may be safely assumed, that upon an undisputed state of facts, the court in which an action is pending, may render the judgment which the law requires, without the aid or advice of a jury, and that such action by the court does not violate any of the maxims of the law. As much as we venerate and respect the right of trial by jury, we are of opinion that, the judges of the courts, while they may be supposed to have more learning in the law, are still able to comprehend an undisputed state of facts with as much intelligence as any jury that can ordinarily be empanneled.

In this case it was a question whether, the finishing of a lot of disjointed, and unfinished chairs, was to be regarded

within the terms of the policy as the storing of a stock of "cabinet-ware." We thought not, and are still of the same opinion. It is a very plain proposition that the storing of a stock of "cabinet-ware" in a finished state, is quite different from the process of its manufacture. In the one case the presence of highly combustible materials is required, and in the other it is not. It happened here that the fire resulted from the presence in the building of dangerous elements, not allowed by the policy. It is suggested and perhaps truly, that the evidence might not in some aspects justify the assumption, that in the prosecution of the business of Sawin & Osgood eight or ten men were constantly employed, and that four or five barrels of glue, paint, alcohol, varnish and benzine, were required at one time. Yet the exact number of men employed and the exact quantity of the dangerous commodity used is by no means material to the decision of the case. It is not denied but *some* was employed, and that is quite as fatal, however insignificant the quantity. We do not find it necessary to attempt to refute the allegation of the counsel for the plaintiffs, that we have held that the presence of four or five barrels of varnish "makes a workshop," or that the presence of ten men produces the same result, as we are not aware that our decision of this case has been placed upon any such ground. We have examined with attention the numerous cases cited by the counsel for the plaintiffs, as to what are questions of fact for the jury, and what are questions of law for the court, and we find nothing that changes our views of the general rule.

There was no motion for a nonsuit, but the court upon the whole case was requested to direct a verdict for the defendant. We are of opinion that this request was in substance and effect, the same thing as a motion for a nonsuit, and we are referred to no case holding a contrary doctrine.

We rested the judgment pronounced at the last term upon the proposition before indicated. If this were not satisfactory we should still be compelled to order a new trial upon the ground that evidence offered by the defendant to show

that the occupation of Sawin & Osgood increased the risk, was rejected without any satisfactory reason in our view of the case.

The motion for a reargument must be denied, with costs. All concur.

Motion denied.