CHAS. H. WOMBOUGH, Plaintiff, v. FRANCIS E. COOPER, Defendant.

*Verdict — when may be directed by the court — When party waives his right to object to the failure of the court to submit question to jury.*

The rule in respect to when a judge may nonsuit, or direct a verdict for the plaintiff or defendant, is substantially the same. It is, that when the evidence on either side is so clear and undisputed, that a verdict by the jury, in conflict with it, could not be sustained, and the judge would feel it his duty to set it aside, then it is his duty to direct a verdict in conformity with such evidence,

* Howland v. Willetts, 5 Selden, 170.

as it is his duty to direct a nonsuit when the plaintiff's evidence entirely fails to establish a cause of action.

In an action to recover money, advanced by the plaintiff on hops consigned to him for sale by the defendant, the defense interposed was, that the plaintiff had neglected to sell the hops, when ordered to do so by the defendant. At the close of the testimony, the defendant's counsel asked the court to direct a verdict for the defendant, on the ground that the plaintiff had received orders to sell, at a time when they could have sold the hops for more than enough to cover all his claims against the defendant, and that not having done so, he could not recover. The court refused so to direct, and the defendant duly excepted.

The court then, at the request of the plaintiff's counsel, directed a verdict in favor of the plaintiff, to which direction the defendant duly excepted. *Held,* that the court erred in so doing. (1). That there was no such defect of testimony tending to establish the defense as to warrant such a ruling; (2), that the exception of the defendant was available, although no request was made to submit the question to the jury. When the defendant's counsel excepted to the direction of a verdict in favor of the plaintiff, upon the evidence exclusively, and not upon any question of law, the very exception involved an objection to the decision of the judge, in taking the case from the jury upon the evidence, and implied also an assertion that the rights of the defendant were thereby legally infringed.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term. The action was brought by the plaintiff, to recover the balance of $300, advanced by a firm of commission merchants in New York city, to the defendant, on a consignment of a quantity of hops for sale. Plaintiff, who was a member of the firm, claimed to be the sole owner of the demand, by transfer of the other partners to him. The defense was, that the firm disobeyed the instructions given them by defendant, to sell the hops at a time when the same could have been sold for more than enough to pay the advances, interest, commissions and expenses, and that in consequence of such disobedience, the loss and damage of the defendant amounted to a larger sum than the plaintiff claims.

*J. W. Dininny*, for the plaintiff.

*G. T. Spencer*, for the defendant.

E. D. SMITH, J. :

At the close of the testimony at the trial, the defendant's counsel asked the court to direct a verdict for the defendant, on the ground

that Lent, Wombough & Co. having received orders to sell at a time when they could have sold the hops for more than enough to cover their advances, charges and commissions, with interest, and they not having done so, the plaintiff could not recover. The court refused so to direct, and the defendant's counsel duly excepted. The plaintiff's counsel then asked the court to direct a verdict for the plaintiff, and the court thereupon directed a verdict for the plaintiff for $182.15, to which the defendant's counsel then and there duly excepted.

These exceptions present the only points necessary to consider in the decision of the case. The hops were unquestionably sent to the plaintiff for sale at not less than sixty cents per pound, and the verdict is right in amount, if plaintiff is entitled to recover. The hops were sent in October, 1867, and the defendant gave evidence tending to prove that, in the month of December, afterward, they gave instructions to said Lent, Wombough & Co., to sell the same absolutely, immediately, or before the 1st of January, 1868, and that if such instructions had been followed, the said firm of Lent, Wombough & Co. would have received from the proceeds of said hops, more than sufficient to have reimbursed them for their advances. The request of the defendant's counsel, that the court direct a verdict for the defendant, was therefore a sound and proper request, if the facts were so far satisfactorily established and undisputed by the evidence, as to warrant such a direction. The rule in respect to the question when a judge may nonsuit at the circuit, or direct a verdict for the plaintiff or defendant, is substantially the same. It is that when the evidence on either side is so clear and undisputed, that a verdict by the jury, in conflict with it, could not be sustained, and the judge would feel it his duty to set it aside, then it is his duty to direct a verdict in conformity with such evidence, as it is his duty to direct a nonsuit when the plaintiff's evidence entirely fails to establish a cause of action.*

In accordance with this rule, I do not think the learned judge at the circuit erred, in denying the request of the defendant's counsel to direct a verdict for the defendant. The evidence tending to prove the instructions to sell the hops absolutely, claimed to have been given in December, was not so clear, unqualified, and undis-

* Appleby v. Astor Fire Ins. Co., 54 N. Y., 253.

puted as to make the giving such a direction an imperative duty on the part of the judge. On the other hand, upon the same principles, I think the instructions, at the request of the plaintiff's counsel, to direct a verdict for the plaintiff, erroneous. There was not such a defect of testimony, tending to establish the defense, as to warrant such a ruling.

It seems to me quite clear that if the circuit judge had submitted the question to the jury, whether explicit instructions were given to the plaintiff's firm, in the month of December, to sell said hops immediately and unqualifiedly, and they had found a verdict on that issue in favor of the defendant, the court could not properly have set aside such verdict as unwarranted by the evidence. The letter written by the plaintiff's firm, dated January 17, 1868, clearly admitted the receipt of a letter of the nineteenth of December previous, with directions to sell, and corroborates, in this particular, the testimony of the defendant, Cooper, and the witness Hubbard. The question remains, whether this exception is available to the defendant, inasmuch as no request was made to submit the question to the jury. It seems to me, that, under the circumstances of this case, the exception to the direction of the court to the jury, to render a verdict for the plaintiff, is available, and is a valid exception. Exceptions of this kind are held unavailing, on motions for a nonsuit, or where a verdict is asked or directed for either party, and no request is made to submit any question to the jury, on the ground that there was a mutual assumption, on the part of the court and of the counsel, for both parties, or a tacit assent to, or acquiescence in, the opinion of the court that there was no question of fact in the case. Such was the recent case of *Leggett* v. *Hyde*, in the Court of Appeals.* In that case Judge FOLGER said, "that when each party asked the court to direct a verdict in his favor, each conceded thereby that there could be no dispute upon any question of fact; each conceded that there was left for decision only a question of law." This was clearly so in that case, for, upon reference to the case, it appears that at the close of the trial, after a motion for a nonsuit had been made and denied, the circuit judge remarked, "I do not see that there is anything to go to the jury." This remark or opinion of the court was clearly acquiesced in by the

* Albany Law Journal, Oct. 10, 1874, vol. 10, No. 15, p 231.

counsel for both parties, for neither objected, or suggested that any question remained for the jury, or asked the court to submit any question to them. In the case of *Winchell* v. *Hicks*, * and *Barnes* v. *Perine*, † it was assumed upon the motions for a nonsuit, that there was no dispute as to the facts, and that there was nothing to be submitted to the jury. These cases were decided upon questions of law; and the rule as therein stated, that there must be a request to submit some question to the jury, to make an exception to the decision of the court directing a verdict or nonsuit available, was so understood and considered in the case of *Sheldon* v. *Atlantic Ins. Co.*,‡ and in the case of *Stone* v. *Flower*. § Judge GROVER, in the last mentioned case, referring to that of *Sheldon* v. *Atlantic Insurance Company*, said : " Here the judge determined that upon any finding authorized by the evidence, the plaintiff was not entitled to recover; and the court held that the question whether in this the judge erred, was presented by the exception to the nonsuit. Here, the plaintiffs had done nothing to induce a belief that there was no question of fact involved. By resisting the motion for a nonsuit, they had insisted upon their right to recover upon the facts proved, or, at least, to have such right submitted to the jury."

In this case, the defendant's counsel asserted and assumed that the evidence was entirely on his side on the question of fact, or sufficient to call upon the judge to direct a verdict in his favor. He certainly did not waive, but insisted on that view of the evidence ; and the court denied his request and granted that of the plaintiff's counsel, upon his view of the weight and force of the evidence, the defendant's counsel resisting such decision and insisting on a different ruling and decision, and excepting distinctly to the adverse ruling of the court. No question of law was raised or involved in the decision. It was not conceded or assumed that the case turned upon any such question. It was presented and argued, on both sides, as a question of fact, upon the weight of the evidence. When motions for a new trial are made upon a case, or case containing exceptions, the court exercises a large discretion in granting or refusing them. New trials are frequently refused or granted in such cases where the court would have been con-

* 18 N. Y., 558.      † 2 Kernan, 18.      ‡ 26 N. Y., 460.      § 47 N. Y., 566.

strained, upon exceptions, to hold that error had been committed in not submitting some questions to the jury.

An explicit and sound exception to the decision or ruling of a judge at the circuit, upon a bill of exceptions, cannot be disregarded in the court of review unless it is in some way waived, estopped, or superseded, in the progress of the cause, or it appears upon the case that it is not possible for the party to succeed on a new trial.*

When the defendant's counsel excepted to the direction of the circuit judge to the jury, to find a verdict for the plaintiff, at the close of the trial, upon the evidence exclusively, and not upon any question of law, the very exception involved an objection to a decision of the judge in taking the case from the jury upon the evidence, and implied also an assertion that the rights of the defendants were thereby legally infringed. Such was the meaning and force of the exception. It was practically a claim that the case was one for the jury, unless the court deemed it clear for the defendant on such evidence, and that it was the right of the defendant to have them pass upon the evidence in the cause after the judge had refused to direct a verdict for the defendant.

I think the exception so taken a valid one, and that a new trial must therefore be granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

New trial granted, with costs to abide the event.

* Hayden v. Palmer, 7 Hill, 385.