## WOMBOUGH v. COOPER.

*Trial — when nonsuit or verdict may be directed. Exceptions — when available.*

At the close of the testimony at a trial defendant's counsel asked the court to direct a verdict for defendant upon the ground that upon certain facts claimed to be established plaintiff could not recover. The court refused, and upon the request of plaintiff's counsel directed a verdict for plaintiff, to which refusal and direction, respectively, defendant's counsel excepted. No request was made to submit the question to the jury.

*Held,* that a nonsuit or a verdict should only be directed where the evidence on either side is so clear and undisputed that a verdict in conflict with it could not be sustained.

*Held,* also, that the exception of defendant being distinctly to the adverse ruling of the court upon a question of fact, and no question of law being involved or raised, it was available to defendant on appeal, notwithstanding no request was made to submit the question to the jury.

MOTION for a new trial upon a case and exceptions ordered to be heard in the first instance at general term after a verdict for plaintiff was directed by the court. The action was brought by Charles H. Wombough against Francis E. Cooper to recover the balance of $300 advanced by the firm of Lent, Wombough & Co., commission merchants of New York city, on a consignment of a quantity of hops by defendant to them for sale. The defense was that the firm disobeyed the instructions of the defendant to sell the hops at a time when the same could have been sold for more than enough to pay the advances and other charges and expenses due on such hops. The defense of the non-joinder of proper parties plaintiff was also set up. Other material facts appear in the opinion.

*Geo. T. Spencer,* for appellant.

*J. W. Dininny,* for respondent.

E. DARWIN SMITH, J. At the close of the testimony at the trial the defendants' counsel asked the court to direct a verdict for the defendant on the ground that Lent, Wombough & Co., having received orders to sell at a time when they could have sold the hops for more than enough to cover their advances, charges and commissions, with interest, and they not having done so, the plaintiff could not recover. The court refused so to direct, and the defendants' counsel duly excepted.

The plaintiff's counsel then asked the court to direct a verdict for the plaintiff, and the court thereupon directed a verdict for the plaintiff for $182.15, to which the defendants then and there duly excepted. These exceptions present the only points necessary to consider in the decision of the case.

The hops were unquestionably sent to the plaintiff for sale at not less than sixty cents per pound, and the verdict is right in amount if plaintiff is entitled to recover.

The hops were sent in October, 1867, and the defendants gave evidence tending to prove that in the month of December afterward they gave instructions to said Lent, Wombough & Co. to sell the

same absolutely, immediately or before the 1st of January, 1868, and that if such instructions had been followed the said firm of Lent, Wombough & Co. would have received from the proceeds of said hops more than sufficient to have reimbursed them for their advances. The request of the defendants' counsel that the court direct a verdict for the defendant was therefore a sound and proper request, if the facts were so far satisfactorily established and undisputed by the evidence as to warrant such a direction.

The rule in respect to the question when a judge may nonsuit at the circuit or direct a verdict for the plaintiff or defendant is substantially the same.

It is that when the evidence on either side is so clear and undisputed that a verdict by the jury in conflict with it could not be sustained and the judge would feel it his duty to set it aside, then it is his duty to direct a verdict in conformity with such evidence, as it is his duty to direct a nonsuit when the plaintiff's evidence entirely fails to establish a cause of action. *Appleby* v. *Astor Fire Ins. Co.*, 54 N. Y. 253. In accordance with this rule, I do not think the learned judge at the circuit erred in denying the request of the defendants' counsel to direct a verdict for the defendant.

The evidence tending to prove the instructions to sell the hops, absolutely claimed to have been given in December, was not so clear, unqualified and undisputed as to make the giving such a direction an imperative duty on the part of the judge. On the other hand, upon the same principles, I think the direction, at the request of the plaintiff's counsel, of a verdict for the plaintiff erroneous. There was not such a defect of testimony, tending to establish the defense, as to warrant such a ruling.

It seems to me quite clear that if the circuit judge had submitted the question to the jury, whether explicit instructions were given to the plaintiff's firm in the month of December to sell said hops immediately and unqualifiedly, and they had found a verdict on that issue in favor of the defendant, the court could not properly have set aside such verdict as unwarranted by the evidence.

The letter, written by the plaintiff's firm, dated January 17, 1868, clearly admitted the receipt of a letter of the 19th of December previous, with directions to sell, and corroborates, in this particular, the testimony of the defendant Cooper and the witness Hubbard.

The question remains whether this exception is available to the

defendant, inasmuch as no request was made to submit the question to the jury. It seems to me that, under the circumstances of this case, the exception to the direction of the court to the jury to render a verdict for the plaintiff is available, and is a valid exception. Exceptions of this kind are held unavailing on motions for a nonsuit, or where a verdict is asked or directed for either party, and no request is made to submit any question to the jury, on the ground that there was a mutual assumption on the part of the court, and of the counsel, for both parties, or a tacit assent to, or acquiescence in, the opinion of the court, that there was no question of fact in the case.

Such was the recent case of *Leggett* v. *Hyde* in the court of appeals, reported in 10 Alb. Law Jour. 231. In that case Judge FOLGER said, "that when each party asked the court to direct a verdict in his favor, each conceded thereby that there could be no dispute upon any question of fact; each conceded that there was left for decision only a question of law." This was clearly so in that case, for upon reference to. the case it appears that at the close of the trial, after a motion for nonsuit had. been made and denied, the circuit judge remarked, "I do not see that there is any thing to go to the jury."

This remark or opinion of the court was clearly acquiesced in by the counsel for both parties, for neither objected or suggested that any question remained for the jury, or asked the court to submit any question to them.

In the case of *Winchell* v. *Hicks*, 18 N. Y. 564, and *Barnes* v. *Perine*, 12 id. 18, it was assumed, upon the motion for a nonsuit, that there was no dispute as to the facts and that there was nothing to be submitted to the jury.

These cases were decided upon questions of law, and the rule as therein stated, that there must be a request to submit some question to the jury to make an exception to the decision of the court directing a verdict or nonsuit available, was so understood and considered in the case of *Sheldon* v. *Atlantic Ins. Co.*, 26 N. Y. 465, and in the case of *Stone* v. *Flower*, 47 N. Y. 568. Judge GROVER in the last-mentioned case, referring to that of *Sheldon* v. *Atlantic Ins. Co.*, said: "Here the judge determined that upon any finding authorized by the evidence the plaintiff was not entitled to recover, and the court held that the question whether in this the judge erred was presented by the exception to the nonsuit.

Here the plaintiff had done nothing to induce the belief that there was no question of fact involved. By resisting the motion for a nonsuit they had insisted upon their right to recover upon the facts proved, or at least to have such right submitted to the jury."

In this case the defendant's counsel asserted and assumed that the evidence was entirely on his side on the question of fact, or sufficient to call upon the judge to direct a verdict in his favor.

He certainly did not waive, but insisted on that view of the evidence, and the court denied his request and granted that of the plaintiff's counsel upon his view of the weight and force of the evidence, the defendant's counsel resisting such decision and insisting on a different ruling and decision and excepting distinctly to the adverse ruling of the court. No question of law was raised or involved in the decision. It was not conceded or assumed that the case turned upon any such question. It was presented and argued on both sides as a question of fact upon the weight of the evidence.

When motions for a new trial are made upon a case or case containing exceptions, the court exercises a large discretion in granting or refusing them. New trials are frequently refused or granted in such cases, where the court would have been constrained upon exceptions to hold that error had been committed in not submitting some questions to the jury.

An explicit and sound exception to the decision or ruling of a judge at the circuit upon a bill of exceptions cannot be disregarded in the court of review unless it is in some way waived, estopped or superseded in the progress of the cause, or it appears upon the case that it is not possible for the party to succeed on a new trial. *Hayden* v. *Palmer*, 7 Hill, 385.

When the defendant's counsel excepted to the direction of the circuit judge to the jury to find a verdict for the plaintiff at the close of the trial upon the evidence exclusively and not upon any question of law, the very exception involved an objection to a decision of the judge in taking the case from the jury upon the evidence, and implied also an assertion that the rights of the defendant were thereby legally infringed. Such was the meaning and force of the exception. It was practically a claim that the case was one for the jury, unless the court deemed it clear for the defendant on such evidence that it was then the right of the

defendant to have them pass upon the evidence in the cause after the judge had refused to direct a verdict for the defendant.

I think the exception so taken a valid one, and that a new trial must therefore be granted, with costs to abide the event.

*New trial granted.*