## TODD v. TODD.

*Trial — practice on — Highways — commissioner of cannot delegate official pow-*
*ers — Estoppel — recitals.*

When defendant, at the close of the whole evidence, makes an unavailing
motion for a nonsuit, which is followed by a direction from the court to find
a verdict for the plaintiff, and no request is made by the defendant to submit
any question of fact to the jury, the defendant shall be held to have admitted
that questions of law only were involved. If the defendant does not move
for a nonsuit or verdict, and judgment is directed for the plaintiff, the rule is
otherwise.

Where a commissioner of highways who, with another commissioner, had
taken part in proceedings to lay out a highway, left before the survey was
completed and told the other commissioner to sign his name to the order
laying out the highway and any other necessary papers. *Held,* that an order
signed only by the other commissioner and with the name of the first men
tioned one affixed by the other, in accordance with the direction, was void
The commissioner could not so delegate his powers to his associate.

In an action for trespass defendant alleged that the lands upon which the tres-
pass was committed were included in a highway which had been laid out.
*Held,* that plaintiff was not estopped from denying that the highway had
been laid out by a recital, that it had been so laid out in a release of damages
signed by plaintiff and other land owners.

MOTION by defendant for a new trial after a verdict directed by
the court in favor of plaintiff for nominal damages.

The action was one of trespass brought by Benajah Todd against
Dyer Todd to recover damages for breaking and entering the premi-
ses of plaintiff, and doing damage thereon. The answer was a justi-
fication on the ground that the premises in question were included
within the limits of a highway which had been duly laid out, opened
and worked by the commissioners of highways of the town wherein
they were situated; also, a general denial and license. The acts of
trespass complained of consisted in taking down plaintiff's fence
and passing over his land. Such other facts as are material fully
appear in the opinion.

*A. Schoonmaker, Jr.,* for plaintiff.

*Wm. Lounsbery,* for defendant, upon the question of the lay-
ing out of the highway cited *Lewis* v. *Ingersoll,* 1 Keyes, 347; *Com-*

*mercial Bank of Lake Erie* v. *Norton,* 1 Hill, 501, 505; 1 R. S. 514, § 63; *Reno* v. *Pinder,* 20 N. Y. 298; *Thomas* v. *Clapp,* 20 Barb. 167; *People* v. *Collins,* 7 Johns. 549; *Commissioners of Bushwick* v. *Meserole,* 10 Wend. 122; *Stewart* v. *Wallis,* 30 Barb. 344; *Tucker* v. *Rankin,* 15 id. 471.

LANDON, J. The defendant attempted to show that the *locus in quo* was a public highway. If so his acts constituting the alleged trespass were lawfully done ; otherwise not. He claimed that the commissioners of highways had the previous year duly laid out, pursuant to statute (1 R. S. 514, § 63), a public highway through the lands of the plaintiff, embracing the *locus in quo.* At the close of the testimony the defendant moved for a nonsuit, which was denied. The court then directed a verdict for the plaintiff. Exceptions to the ruling of the court were taken by the defendant, but no request was made to submit any question of fact to the jury.

The authorities are to the effect that when the defendant, at the close of the whole evidence, makes an unavailing motion for a nonsuit, which is followed by a direction from the court to find a verdict for the plaintiff, and no request is made by the defendant to submit any question of fact to the jury, the defendant shall be held to have admitted that questions of law only were involved. *Barnes* v. *Perine,* 12 N. Y. 18 ; *Winchell* v. *Hicks,* 18 id. 558; *O'Neill* v. *James,* 43 id. 85. If the defendant does not move for a nonsuit or verdict, and judgment is directed for the plaintiff, the rule is otherwise. *Stone* v. *Flower,* 47 N. Y. 566 ; *Frecking* v. *Rolland,* 53 id. 422, 424. It follows, therefore, that if the facts proved will admit of a finding, sustaining the direction made by the court, the defendant is concluded by it. This view would be fatal to the defendant's case, for the evidence would undoubtedly support a finding that no order in the form prescribed by the statute was made.

But stating the case in the strongest possible aspect for the defendant, and we have these facts: Upon a written application of the plaintiff to lay out a public highway through his own and lands of others, the three commissioners of highways of the town of Hardenbergh duly met to consider the application. They determined to lay out the highway and orally expressed that determination. They employed a surveyor, who proceeded to make a survey of the proposed road, and two of the commissioners were present

during the first day of the survey. The survey occupied two days. At the close of the first day, Todd, one of the commissioners, told Commissioner Scudder to sign his name to the order laying out the road, and to any other necessary papers. Commissioner Todd then left, and did not return. The survey was completed the following day. An order was drawn referring to the survey, and purporting to lay out the highway therein described. Commissioner Scudder signed his own name to the order, and, in pursuance of the direction given by Commissioner Todd, signed his name also. The third commissioner never signed the order, and was not present when it was signed by Commissioner Scudder. The order was never recorded, and was probably lost by the commissioner who signed it. The application and survey were recorded with the town clerk.

The learned judge at circuit held the order void, and that the absent commissioner could not delegate his official duty and power to his associate. We think he was right. The absent commissioner could not act by proxy. The statute (1 R. S. 514, § 63) says, if the commissioners "shall determine to lay out such highway, they shall make out and subscribe a certificate of such determination." Two could perform this duty, the whole having been notified to attend. 1 R. S. 595, § 125. It was personal trust involving judgment and discretion. Had the absent commissioner remained until the order was drawn his name perhaps might have been signed to it by another, in his presence, and by his direction. *Reno* v. *Pinder*, 20 N. Y. 298. But when he gave the direction to his associate to sign for him, the survey was incomplete, and the order not drawn. He performed part of a joint duty, and then abandoned it to be finished by his associate. The law contemplates that the commissioner who was present, and did sign the order, should give to the trust reposed in him, his best judgment and discretion. He could give these for himself only, and certainly none for his associate. To sustain this order is to countenance a lax performance of official duty unsafe in its tendencies, and we think not only unsupported by authority, but in conflict with it. *Powell* v. *Tuttle*, 3 N. Y. 396; *Olmstead* v. *Elder*, 5 id. 144; *People* v. *Smith*, 45 id. 772; *People* v. *Williams*, 36 id. 441.

But it is urged that the plaintiff is estopped from denying that the highway was legally laid out, because upon the same date that the commissioner signed the order, the plaintiff with others signed a paper reciting that a highway had been laid out by three com-

missioners, and releasing damages on account of laying out the same. This paper standing alone is wholly insufficient to establish as against the plaintiff that this particular highway was laid out, and recourse was made by the defendant to the order above referred to. That order as shown above is void. Now, as by the defendant's own proof, the facts appear that the recital is false, the plaintiff is not estopped by the recital from availing himself of the truth as the defendant shows it to be. *Sinclair* v. *Jackson,* 8 Cow. 543, 587; *Warren* v. *Leland,* 3 Barb. 613. Besides the paper was manifestly signed in the expectation that the commissioners would lawfully lay out the road. As they laid out none, it is difficult to see how the plaintiff is estopped, by mistakenly supposing they would. *Matter of Sharp,* 1 N. Y. Sup. 247, affirmed in the Court of Appeals.

The plaintiff should have judgment upon the verdict.

*Judgment for plaintiff.*