By the Court.—Sedgwick, J.
Beyond doubt if Avery were a bona fide purchaser of the notes, before maturity, his rights could be transferred by him so as to give a cause of action to any one to whom he delivered the notes after maturity. In this case, the defendant having shown that the notes had an origin fraudulent as to him, the burden was laid upon the plaintiff to show that Avery was in fact a bona fide purchaser. If he failed to show this, the defendant was entitled to the direction given in Bis favor. The plaintiff was not bound to show more ¡than the payment of a consideration in good faith, i. e., -.without notice of the defense. Necessarily he was ¡bound to show this by a credible witness. The witness ¡testifying for the plaintiff was to be judged in the same *425 way as other witnesses are judged. If there were circumstances which tended to affect his credit, under the ordinary course, the jury would judge of his credibility ; and although the facts stated by him might, if believed, indisputably show a purchase bona fide, yet the plaintiff would fail if the jury did not deem the witness credible.
In this case it was the right of both parties to go to the jury on the credibility of plaintiff’s witnesses, and upon the inferences to be drawn from their testimony ; but they might waive their right' and make the court the judge of the facts as well as of the law. I understand the court of appeals to say that this is the result, if a party do not ask to go to the jury, after he has moved for a direction in his favor as matter of law, and the court, upon such motion, or upon a similar motion made by the opposite party, directs the jury to find in favor of the opposite party. By making the motion he asserts the facts are not in dispute ; the opposite party takes the same position; and the court proceeds upon the same assumption. If a party allows the case to be decided in this way, and does not place his right before the court in a different aspect than upon appeal, he suffers from not pointing out to the court that he asks for the interposition of the jury.
In Leggett v. Hyde (58 N. Y. 275), the court said: “ At the trial each party asked the court to direct a verdict in his favor. Each thereby conceded that there was left for decision only a question of law, and that it arose upon a settled and uncontradicted state of facts.”
In Barnes v. Perine (12 N. Y. 18), the judge, at the trial, denied the motion for a nonsuit, and the counsel for defendant excepted; and the judge thereupon directed the jury to find for the plaintiff. To this direction the counsel for the defendant excepted. The court of appeals says : “ The direction to the jury to render a verdict for the plaintiff, was but one form of *426 overruling the objections taken by the defendant to a recovery against him, and cannot be held, as in effect, a decision adverse to the defendant upon the point now sought to be made—that the case should have been submitted to the jury. If the defendant supposed there was a disputed question of fact, material to the issue, he should have made a distinct request that it should be ■ submitted • to • the jury. But having treated the questions as purely legal, and acquiesced in the disposal of them by the court as such, he cannot now be heard to object that facts were involved which should have been decided by the jury.”
In Stone v. Flower (47 N. Y. 569), the court said that where a court directs a jury to find a verdict for defendant, and the plaintiff excepts without having taken a position that the facts are undisputed, the exception will raise the question whether, upon any construction of the facts, the plaintiff- could recover, without the plaintiff asking to go to the jury on any issue of fact. The court said that the principle, upon which the cases requiring a party to ask to go to the jury were decided, is this; “that the defendants had, by the course adopted by them, assumed that there were no disputed facts to be. determined by the jury, but that questions of law only were involved, the decision ■ of which determined the .rights of the parties.”
I do not see that any discrimination can be made between the questions of fact that might go to the jury, but which a party does not ask to have sent to the jury. The court is virtually put by consent in the place of the jury, to pass upon all questions of fact; and a decision as to the. credibility is as final as a decision as to the inferences. to be drawn from the testimony. The question, substantially, is whether, upon any state of facts warranted by the testimony, the decision of the court can be maintained.
.If it could be seen, from the remarks of the learned *427 judge, that he decided the case upon the ground that the fraud in which the notes originated made them absolutely void from the first, and that they were therefore void in the hands of all subsequent holders, then we think there would have been error. A. bona fide holder before maturity could recover upon-them (Dalrymple v. Hillenbrand, 62 N. Y.). Such a position is not necessarily involved in the remarks of the learned judge. He said the plaintiff is a purchaser after maturity, and holds the notes subject to all equities between the original parties. There can be no doubt.that this is correct, as matter of law, if, as matter of fact, it was found that Avery was not a bona fide purchaser. The judge being, by the acts of the parties, in the place of the jury, were there facts which would have supported a verdict that Avery was not a bona fide purchaser?
Of course he would be a bona fide purchaser if he paid the consideration without notice of the original fraud, or the equivalent of notice. This is not absolutely proven by testimony denying notice, or by a statement of a transaction which does not comprise facts showing notice. If. there should be found an intentional concealment of something, it must-be decided as a matter of fact, whether occurrences are not concealed which would show notice. It is a proper consideration whether or not' the facts stated are not so unusual and improbable as to call for a disbelief in their existence. It seems to me that the facts given in evidence-were of a character that would have supported a verdict against the plaintiff. The manner in which the notes were received and parted with by Avery, and the manner in which he acted in guarding himself against possible loss,.as contrasted with the usual conduct of men in protecting their interests, and other circumstances, were proper for the scrutiny of a jury, if left to them, and by the action of the parties, the judge was passing upon the-facts.
*428 For these reasons, inasmuch as the judge, in passing upon the facts, assumed that Avery was not a bona fide purchaser, and the plaintiff did not require the verdict of a jury upon that point, it must be said that there was no error, as matter of law, in the court deciding that the plaintiff, being a purchaser after maturity, could not recover, as the notes were originally void for fraud as to the defendant, the maker.
I am of opinion that the judgment should be affirmed with costs.
Speir, J., concurred.