THOMAS J. WATERS et al., Respondents, against CHARLES C. MARRIN et al., Appellants.

(Decided January 16th, 1885).

Upon trial by a jury of an issue of fact in an action, at the close of the testimony, a motion by plaintiffs that a verdict for them be directed by the court was granted, to which no exception was taken by defendants, they merely asking that the case go to the jury, without specifying any disputed question of fact upon which the jury should pass. Held, that even if there was in the case any question of fact in respect to which the testimony was conflicting and which ought to have been left to the jury, defendants, not having specified it, had waived their right to have it submitted to the jury, and were not entitled to a reversal of the judgment for error upon that ground.

MOTION for re-argument of an appeal.

The facts are stated in the report of the decision upon the appeal, 12 Daly 445, and in the following opinion.

William J. Marrin, for appellant.

J. Woolsey Shepard, for respondents.

CHARLES P. DALY, Chief Justice.—There is no ground for this motion. The General Term have not misapprehended the facts, nor overlooked a controlling authority.

The statement, in the moving affidavit, that it was proved on the trial that the defendants did not receive the plaintiff's stock until after they had received the money upon the sale of the stock in San Francisco is not correct.

It was assumed, in the opinion delivered by me, that the defendants received the plaintiff's stock before they received the proceeds of the sales in San Francisco, and the evidence shows this to have been the fact. The evidence of the defendant Marrin was that the plaintiffs brought the 500 shares of stock to the defendants, on the 7th of February, which, he says, was three days after the stock was sold

in San Francisco, and it was proved by the plaintiff Waters that it takes seven to eight days to go from San Francisco to the City of New York; showing that the proceeds of the stock, after the sale in San Francisco, could not have reached New York within three days, by the ordinary means of communication; and this being the evidence, if the defendants had, by any means, received the proceeds of the stock before the 7th of February, it was for them to show it—which they did not.

No controlling authority was overlooked by Judge LAR- REMORE; but on the contrary, the authority he cited— *O'Neill* v. *James* (43 N. Y. 93), was exactly in point, as are also the cases of *Barnes* v. *Perine* (12 N. Y. 23) and *Winchell* v. *Hicks* (18 N. Y. 558). These cases hold that, if the defendant, when his motion for a nonsuit has been denied, wishes to have any disputed question of fact in the case submitted to the jury, he is bound to *specify it*, and make a *distinct* request that it be submitted, that the court may pass *directly* upon it.

In the present case, upon the testimony being closed the plaintiffs' counsel asked the court to direct a verdict for the plaintiffs, which motion was granted, and to which the defendants took no exception. But after the granting of this motion, and, as I assume, before the verdict was ren- dered, the defendants asked that the case go to the jury, without specifying upon what disputed question of fact, which they were bound to do, upon the authority of the cases above cited.

The case on which the defendants' counsel relies, as con- trolling—*Stone* v. *Flower* (47 N. Y. 566)—was a case in which the court directed the jury to find a verdict for the defendant; to which the plaintiff excepted; and in which it was held that if, upon any finding warranted by the testi- mony, the plaintiff would have been entitled to recover, this ruling was erroneous; and that the point was sufficiently raised by an exception to the court directing a verdict for the defendant; which case would have been applicable, if the defendants in the present case had excepted to the

Waters v. Marrin.

judge's directing the jury to find a verdict for the plaint-
iffs. If the defendants had taken such an exception—
which they did not—they would, under it, upon this author-
ity, have been entitled to a new trial, if it appeared that,
upon any finding warranted by the evidence, the defend-
ants could have recovered. This is the extent to which
this case of *Stone* v. *Flower* goes; and so far from over-
ruling the three prior cases to which I have referred, the
judge who delivered the opinion of the court recognizes,
distinguishes and approves of two of them, declaring that in
*Barnes* v. *Perine* (12 N. Y. 18), where the court, as in the
present case, directed the jury to find a verdict for the
plaintiffs, it was rightfully held that, if there was any con-
flict in the testimony as to any of the material facts as-
sumed by the judge in directing a verdict for the plaintiff,
the defendant should have requested the court to submit the
question to the jury; and that the neglect to do so was a
waiver of the right to have it submitted. But all that the
defendants asked in the present case, after the court granted
the motion that the jury be directed to render a verdict for
the plaintiffs, was that the case should be submitted to the
jury, without specifying, as they were bound to do, under
the authorities above cited, what the question was upon the
facts, which they wished the jury to pass upon.

When a nonsuit is granted or the court directs a ver-
dict, it is assumed in either case that there is no dispute as
to the facts; that, there being no conflict in the testimony
as to any material fact, the question presented is solely one
of law; in which assumption, the party against whom the de-
cision is rendered is regarded as having acquiesced (*Mallory*
v. *Tioga R. R. Co.*, 5 Abb. N. S. 424; *Seymour* v. *Cowing*, 1
Keyes 534; 4 Abb. Ct. App. Dec. 203; Hilliard on New
Trials, 2d ed. 82, 96); for if he does not, it is incumbent
upon him to bring to the attention of the court, that there
is, upon the evidence, a question—if there be one—as to a
material fact, which the jury alone can decide, and to ask
for the necessary instructions to them respecting it.

After the judge, by directing a verdict for the plaintiffs,

had assumed that there was no conflict in the case as to the facts, the request made was equivalent to asking him to submit the case to the jury upon that assumption ; for the disputed question of fact—if there was one—was not pointed out to him, nor in any way indicated. The objection to such a request is—what is frequently made to an exception—that it was too general; and upon an exception to a general request like this, the defendants are not entitled to a new trial, by simply showing, upon appeal, that there was a question of fact in the case, in respect to which the testimony was conflicting and which ought to have been left to the jury. If there be any such question, the defendants waived their right to have it so submitted by not stating, in their request to the court, what it was, that the court might give the proper instructions to the jury respecting it. Not having done so, they could not afterwards have the judgment reversed for error, upon this ground. The motion for a re-argument should be denied.

LARREMORE and ALLEN, JJ. concurred.

Motion denied.